CASE 11—PETITION EQUITY—JUNE 19.

# Nikirk vs. Nikirk.

APPEAL FROM PULASKI CIRCUIT COURT.

The effect of the provision of the Revised Statutes that in suits for alimony and divorce, the husband "shall pay the costs of each party," &c., is not to entitle the wife suing for but failing to obtain a divorce, to a judgment against the husband for her costs.  As the law exempts her from liability to the officers of the court for their costs, the object of the statute was to give to the latter a right to look to the husband, except in the two cases which it provides for.

EASTHAM, for appellant.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The appellant, Mrs. Nikirk, brought this action against her husband, praying for a divorce on the ground that he had, for six months previously, behaved towards her "in such cruel and

Nikirk vs. Nikirk.

inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness."

The appellee answered, denying the material allegations of the petition, and the court below, on the final hearing, rendered a judgment dismissing the appellant's action, and she has appealed.

Two grounds of reversal are relied on : *First.* That the court improperly refused the relief sought; and, *secondly.* That the court failed to render judgment in her favor for her costs.

1. Upon the first point it is deemed sufficient to say that the evidence contained in the record wholly fails to make out such a case of cruel or inhuman treatment as would, under the most liberal intendment of the statute, have entitled her to a divorce, and it was therefore properly refused.

2. By the Revised Statutes it is provided, that "in suits for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear in the cause that the wife is in fault, and has ample estate to pay the same." (1 *Rev. Stat., sec.* 32, *page* 292.)

. The effect of this provision is not, as seems to be supposed, to entitle the wife to a judgment against the husband for her costs in the class of cases mentioned. And the failure to render such judgment, especially where the divorce is not granted, cannot operate to the prejudice of the wife, for the obvious reason that she cannot be held liable for any of the costs of the proceeding. As the law exempts her from liability to the officers of the court for their costs, the object of the statute was to give to the latter a right to look to the husband, who is required "to pay the costs of each party," except in the two cases which it provides for.

In the case of *Ballard vs. Caperton, &c.,* (2 *Met. Ky. Rep.,* 415,) it was decided that the fee of the wife's attorney, with other items of costs, might be fixed and ascertained by the court in which the action was brought, even after the death of the plaintiff or the termination of the suit by a judgment. See also *Williams vs. Monroe,* (18 *B. Mon.,* 518.)

According to this construction of the statute, the correctness of which we do not doubt, neither the appellant nor her attor-

ney nor other officers of the court are prejudiced by the failure of the court to render a judgment against the appellee for costs.

The judgment is affirmed.