### ANGEL v. SMITH.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

1. ACTION—AGAINST WHOM MAINTAINABLE.

In an action to recover money, it appeared that an interest in a contract to do work for a city was assigned by defendant to plaintiff, pending an action by defendant against the city on the contract, but plaintiff was not made a party to the action. The complaint alleged that defendant received the money recovered in the action against the city, and deposited it to be paid over to whomsoever it might justly belong, and that the parties had notice of the assignment to plaintiff, and that any recovery therein would inure to his benefit. *Held,* that such allegation was sufficient to authorize the admission of evidence that the action against the city was carried on for the benefit of plaintiff to the extent of his interest, and therefore the rule that payment of money to one of two claimants gives no cause of action against him in favor of the other did not apply.

2. TRUSTS—ASSIGNMENT BY PLAINTIFF PENDING ACTION.

Where a plaintiff assigns an interest in his cause of action to a third person, and continues to prosecute the action after the assignment, he becomes a trustee for the benefit of the assignee.

Appeal from special term, Kings county.

Action by Frank W. Angel against Adaline A. Smith to recover the sum of $4,902.38, and for such further relief as may be equitable. From an order continuing an injunction restraining defendant and her attorneys from distributing certain funds under control of defendant as administratrix, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Howard A. Taylor and Albert Sprague Bard, for appellant.

David P. Hall, for respondent.

HATCH, J. The record upon this appeal shows that one Hackley, in 1861, entered into a contract for the performance of certain work for the city of New York. Subsequently Charles D. Blish, defendant's intestate, acquired an interest in the contract, a one-fourth interest in which Blish thereafter assigned to William H. Angel, now deceased. The present plaintiff represents the heirs and next of kin of said Angel under his last will and testament. An action was brought upon the said contract against the city of New York to recover damages for a breach thereof, and also to recover certain sums for part performance of the same. After 30 years of litigation, a compromise judgment was entered against the city, and also adjudging the specific sums to which each party in interest under the contract was entitled, by virtue of which there was awarded to defendant the sum of $4,902.38, which she has received, and now holds the same, being the fund which the injunction restrains of distribution.

It appears that after the assignment of the one-fourth interest to Angel he caused to be served upon the city of New York a written notice of his right and interest in the contract. Angel was never made a party to the suit against the city but, so far as this interest was concerned, the same was prosecuted in the name of Blish and his representatives, and neither Angel nor his representatives appear upon the record as a party, or as having any interest in the litigation or its subject-matter. And the allegation is made in the affidavit of the attorney for Blish and his representatives that the parties to the record had no notice of Angel's assignment during the litigation, and such claim was not made upon the final compromise when the money was paid over to the defendant. Upon this state of facts defendant seeks to invoke the principle of law that, where there are two claimants to a fund, of which the common debtor has notice, voluntary payment to one, even though it be the wrongful claimant, gives no right of action in favor of the rightful claimant against the party who receives the money. This rule has been repeatedly recognized by the courts of this state, and we have recently had occasion to reassert the doctrine. Reynolds v. Insurance Co. (not yet officially reported) 39 N. Y. Supp. 885. There are elements in this case which tend to bring it within the rule. But we think the complete answer to the position is found in the allegation of the complaint, which, for the purposes of this appeal, we must treat as the fact. The tenth allegation of the complaint is that defendant received the money, and deposited the same, to be paid over to whomsoever the same may justly belong. And the eleventh allegation is that the parties to the suit, in its several stages of litigation, had notice and knowledge that the interest of Blish had been assigned to him by Angel, and that any recovery

thereon would inure to the benefit of said Angel and his successors in interest. Criticism is made of these allegations, but we think they are sufficient to permit of proof to show that in fact the litigation carried on by Blish and his successors was for the benefit of, and as trustee for, Angel and his successors in interest. In this view of the matter the case is brought within the exception to the rule, and authorizes the maintenance of the action. Patrick v. Metcalf, 37 N. Y. 332 et seq. In addition to this, it appears from the complaint that the assignment from Blish to Angel was made after the commencement of the action against the city, as the action was begun about the 12th day of January, 1864, and the assignment was not made until about the 15th day of January, 1867. The existence of the assignment, therefore, so far as Blish and his representatives are concerned, must have been known while the action was pending. It is quite probable, therefore, that as Angel did not ask to be made a party to the suit, and as Blish continued its prosecution as it then existed, when judgment was obtained and paid it operated as a discharge to the city from any liability to Angel or his successors. But, in whatever aspect this question be viewed, the continued prosecution of the action by Blish after the assignment constituted the latter a trustee for Angel's benefit, and, whatever was received thereunder Blish would receive, impressed with a trust to the extent of Angel's interest. Code Civ. Proc. § 449; Bank v. Pierce, 62 Hun, 493, 17 N. Y. Supp. 270.

It therefore follows that the order appealed from should be affirmed, and the injunction continued until the trial of the action, with $10 costs and disbursements. All concur.