## Wright, et al. v. Yates.

(Decided October 13, 1910.)

### Appeal from Johnson Circuit Court.

1. Judgment on Demurrer—Intendment—Pleading.—After judgment on demurrer the intendment of the law is in favor of the court's action; hence a failure to allege in the pleading every fact nec-

essary to support a right contrary to the judgment, is taken
against the pleader.

2.    Land—Void Sale—Recovery of Purchase Money—Lien—Posses-
      sion—Consideration.—Although a parol contract for the sale of
      land is void, the vendee in such sale had the right to recover
      the purchaes money from his vendor as for money had and re-
      ceived. Equity would not require him to surrender his possession
      until the purchase money was repaid to him, and he was enti+led
      to a lien on the land until he was reimbursed. His lien grew out
      of the fact of his having paid the money and being in possession.
      The possession was essential to the existence of the lien. The
      lien existed solely as the creature of equity, the chancellor re-
      fusing to lend his aid to enforce the vendor's legal rights until
      he had done equity by restoring the consideration which he. had
      received upon his unenforceable agreement.

3.    Resulting Trust—Implication of Law—Presumption of Agree-
      ment.—At common law, where the consideration for land was
      paid to one person and the title taken to a third, being a stranger
      in relation to the person paying the consideration, the person
      taking the title holds it in trust for the person making the pay-
      ment. The presumption is that there was an agreement to that
      effect, and a trust in behalf of the one paying the consideration
      resulted which attached to the land, and is denominated a re-
      sulting trust, and is raised by implication of law and presumed
      always to have been in the contemplation of the parties.

J. F. BAILEY for appellant.

C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The petition in this case alleges that Phillip Wright,
father of appellants, bought by parol from Cunningham
a tract of land in Johnson county, described in the peti-
tion, and that he took possession of it, having paid in
full the consideration, $145. Thereafter he died intes-
tate leaving the appellants as his heirs at law. Some two
years later Cunningham conveyed the land by deed to
one Gipson, who sold and conveyed by deed to appellee
Yates. It is alleged that Gipson did not pay Cunning-
ham anything for the conveyance, and that he and Yates
knew when they accepted their conveyance that the land
had been sold to Wright under the circumstances recited.
This suit seeks a cancellation of the deeds to Gipson and
Yates, and a conveyance by Cunningham's heirs to ap-
pellants. A general demurrer filed by Yates was sus-
tained to the petition. Appellants electing to stand on its

sufficiency, the petition was dismissed, and they appeal.

After judgment on demurrer the intendment of the law is in favor of the court's action, hence a failure to allege in the pleading every fact necessary to support a right contrary to the judgment, is taken against the pleader. By this test it is to be noted that the plaintiffs did not allege that they were in the actual possession of the land when it was conveyed by Cunningham; nor do they allege that their ancestor was not repaid the purchase money by Cunningham, or that Gipson had not paid Wright for the land. The fact may be, for aught the pleading discloses, that Cunningham and Wright rescinded their bargain, or that Wright's interest was sold by him to Gipson.

In addition, the contract between Wright and Cunningham was void, so far as it sought to bind Cunningham to convey the land. (Sec. 470, Ky. Stats.) Cunningham was at liberty to ignore it and repossess himself of the land (Lucas v. McGuire, 96 S. W. 867) or sell and convey it to another. He having the right to sell it, his vendee had the right to buy it. Nor does it matter that the vendee knew of the void contract between his vendor and another with respect to the land. It is true that although the contract for the sale of the land was void, the vendee in the parol sale had the right to recover the purchase money paid from his vendor, as for money had and received. Equity would not require him to surrender his possession until the purchase money was repaid to him, and he was entitled to a lien upon the land until he was reimbursed. But his lien grew out of his having paid the money and being in possession. The possession was essential to the existence of the lien. It constituted notice to the world of the possessor's claim and legal rights. The lien existed solely as a creature of equity, the chancellor refusing to lend his aid to enforce the vendor's legal rights until he had done equity by restoring the consideration which he had received upon his unenforcible agreement. But when the vendee is no longer in possession it was not necessary for the vendor to resort to the chancellor or to a court of law, to restore his property to him. There was then no ground for the chancellor to interpose a condition, equitable or otherwise, to the vendor's exercise of a clear legal right. If one by paying the purchase money for land upon a parol agreement could by that act get a valid lien upon it, it would amount to the creation of a lien on land, in

the nature of a mortgage, by parol, in violation of the statutes of fraud and perjuries. (Section 470, Ky. Stats., supra.) When the vendee relinquishes possession he abandons his lien, or rather, he voluntarily places himself in a situation where his right to have a lien enforced in his behalf, ceases to exist, not because the moral right was changed, but because there was not legal warrant in the court to enforce it. He still had his legal right to recover the purchase money, not in the law's recognition of his void contract to purchase the land, put upon the principle that if he paid money to his vendor for a consideration which failed, the latter then held the money for him, and impliedly had promised to repay it on demand. That obligation of the vendor was personal, and did not attach to the land except under the circumstances stated above. It amounted to there being created the relation simply of debtor and creditor between the parties. As a debtor may sell his land, and execute a valid conveyance for it although his grantee may know of his indebtedness and the circumstances of it (except in certain instances of failing debtors not involved here), it created no liability on his part to the creditor that the vendee knew of the debt. So, in this view the petition failed to state a cause of action against Gipson or Yates.

Appellants contend that their relief should be worked out under the exception contained in our statute concerning resulting trusts. The statute reads:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration."

At the common law where the consideration for land is paid by one person and the title taken to a third, being a stranger in relation to the person paying the consideration, the person taking the title holds it in trust for the person making the payment. (Perry v. Head, 1 A. K. Mar. 46; Pierce v. Pierce, 7 Ben. Mon. 433; Williams v. McClannahan, 3 Met. 433; Ewing v. Bibb., 7 Bush, 645; Letcher v. Letcher, 4 J. J. Mar. 590; Doyle v. Sleeper, 1 Dana, 531; Stephenson v. Stephenson, 3 Bibb., 15.)

The presumption is that there was an agreement between the parties to that effect. A trust in behalf of the one paying the consideration therefore resulted, which

attached to the land. It was denominated a resulting trust, which is one raised by implication of law and presumed always to have been contemplated by the parties, the intention as to which is to be found in the nature of their transaction, but not expressed in the deed or instrument of conveyance. But where equity raises a trust in behalf of one who has been imposed upon by another, it is in order to work out justice, and in spite of the intention of one of the parties. It involves some element of fraud, actual or constructive, perpetrated by the party charged with the trust. It is strictly a constructive trust, though it was also frequently called a resulting trust. Both are implied trusts. It was in dealing with those two features of so-called resulting trusts that our statute was enacted. The first class named it was intended to eliminate. The second class it was intended to preserve. The latter is a way of compelling the parties to do what they had agreed to do, and to undo that which in fraud had been done in violation of the agreement. It operates upon the conscience, as it were, of one who had violated confidence, who has misappropriated the funds of a principal, a partner, or other person entrusting him with them. It presupposes always a violation of some moral or legal duty to another, and in such instance the law supplies an intention to do right where there was in fact an intention to do wrong. But we know of no instance where it has been enforced against a stranger, one not participating in the fraud, who was under no legal obligation or duty to the complainant. Between him and the plaintiffs there was neither breach of confidence nor defection from duty.

The allegation of the petition is that Wright paid Cunningham the purchase money under the parol agreement, and that Cunningham conveyed to Gipson without receiving any other consideration for the land than that which Wright had paid. The inference is sought to be drawn that Cunningham conveyed to Gipson because of the Wright payment alone, but the conveyance was without Wright's knowledge or consent. Take all that as true. Still Gipson was not under any sort of duty to Wright. If Cunningham saw proper to make Gipson a deed of gift, it was no violation of trust or confidence of Gipson to Wright, for Gipson to accept such deed, even though he knew that Wright had bought the land by parol and had paid for it. Gipson committed no fraud upon Wright in accepting Cunningham's deed. It is

true that the petition charges that it was in fraud of the vendee Wright. But no fact is alleged showing that there was fraud, actual or constructive, on behalf of Gipson or Cunningham.

We conclude that the demurrer was properly sustained.

Judgment affirmed.