## Turner v. Liebel, et al.

(Decided October 10, 1919.)

### Appeal from Trigg Circuit Court.

1. Ejectment—Title to Support Action.—Plaintiff in ejectment must recover upon the strength of his own title and not because of the weakness of defendant's title.

2. Ejectment—Title to Support Action—Direction of Verdict.—Plaintiffs, admittedly the heirs of Samuel Liebel, deceased, failed to prove their asserted title, by proving the land was owned by Simeon Liebel, and the court erred in not allowing defendant's motion for a directed verdict.

3. Ejectment—Title to Support Action.—There being no indication in the pleadings or evidence that plaintiffs and defendant claimed title through a common source, and plaintiffs having failed to trace their title back to the Commonwealth or prove adverse possession for the requisite time, defendant's motion for a peremptory instruction should have been sustained.

4. Ejectment—Instructions.—Instructions denying defendant's right to recover because of weaknesses in his title were erroneous since he was entitled to the verdict, despite such weaknesses, unless plaintiffs manifested a right to recover the land upon the strength of their own title.

5. Pleading—Counterclaim—Caption.—By joining issue upon the facts which constituted the counterclaim plaintiffs waived the failure of defendant to indicate in the caption that his answer was a counterclaim, as required by the Code.

W. H. HOOKS for appellant.

CLAY & REED and E. H. PURYEAR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellees, who were plaintiffs below, brought this action in ejectment to recover possession of 103 acres of land, with damages for its wrongful detention, from the defendant Turner, who by his answer denied their title to the land and alleged title in himself by adverse possession. The reply completed the issues and a trial was had before a jury which resulted in a verdict and judgment for plaintiffs, to reverse which defendant appeals.

Since the plaintiff in ejectment must recover upon the strength of his own title and not because of any weakness in the title of his adversary, and plaintiffs failed to prove their asserted title to the land the court erred in not allowing defendant's motion for a directed verdict. This follows, however, not because the depositions proving

plaintiffs are the heirs of one Samuel Liebel, were not made part of the bill of exceptions or even filed or read as evidence so far as the record shows, and cannot therefore be considered on the appeal, but because, although plaintiffs are the only heirs of Samuel Liebel, deceased, a fact asserted in the petition and not denied, of their failure to offer any evidence to prove, if a fact, that Samuel Liebel, deceased, was the same person as Simeon Liebel whom by their record evidence they proved owned the land; and also because of their failure to trace his title back to the Commonwealth or prove adverse possession by him for the requisite time, which would have been necessary to make out a case for plaintiffs since there was no assertion, by either party in the pleadings, of title from any common source, or any such indication in the evidence.

2. It necessarily follows that instruction No. 1, authorizing a finding for plaintiffs if the jury believed facts unsupported by any evidence, was error, and instructions 2 and 3 would have been both erroneous and unnecessary even if plaintiffs had made out a case since they deny defendant's right to recover because of weaknesses in his own title rather than directing a recovery by him in any event unless only if plaintiffs, on the strength of their own title, were entitled to recover, which should have been done by adding to the instruction submitting plaintiffs' right to recover and including therein all disputed facts upon which such right depended, "otherwise you will find for the defendant."

The only other instruction that would have been authorized would have been one on the question of rents and improvements, and instruction No. 4, given on these questions, which should have included the single item treated separately in No. 5, was erroneous in treating defendant's claim for improvements as merely a set off against rents rather than as a counterclaim, since by joining issue upon the facts which constituted the counterclaim plaintiffs waived the failure of defendant to indicate in the caption that his answer was also a counterclaim as required by section 97, subsection 4, of the Code. Lancaster v. Cambron, 158 Ky. 396, 165 S. W. 416; Cherry v. Cherry, 162 Ky. 245, 172 S. W. 505.

Wherefore the judgment is reversed and cause remanded for another trial consistent herewith