## Branstetter v. McGuire.

(Decided May 9, 1922.)

## Appeal from Monroe Circuit Court.

1. Ejectment—Plaintiff Must Show Title if Put in Isssue Unless Waived by Defendant.—Where the title of plaintiff in ejectment is put in issue, he must recover on the strength of his own title, and to that end must show title by adverse possession, or title deducible from the Commonwealth or from a common source, unless the defendant agrees to the contrary or waives his right to insist on such proof.

2. Ejectment—Necessity for Plaintiff's Showing Title not Waived by Answer Pleading Agreed Line.—Where, in an action of ejectment, plaintiff's title was denied but not proved, and there was no agreement to dispense with proof of title, and the case was prepared in equity according to plaintiff's own views of the proof required, and defendant raised the point of failure of proof and the point was sustained, the allegations of the answer pleading in substance that before the bringing of the suit plaintiff and defendant agreed to have a surveyor survey the line between them and to abide by the result, that, in accordance with the agreement, a survey was made and a dividing line fixed, and it was ascertained that all the land in controversy belonged to the defendant, to all of which plaintiff agreed, and that he and defendant adjusted their fencing so as to include the land in controversy in the field of defendant, did not amount to a waiver of defendant's right to insist on proper proof of title.

BASIL RICHARDSON and JACKSON & DENHAM for appellant.

W. L. PORTER, HEBRON LAWRENCE, GEORGE M. MILLER and PORTER & RALSTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. G. Branstetter brought suit against S. T. McGuire to recover about ten acres of land situated in Monroe county. McGuire filed an answer and counterclaim denying plaintiff's title and asserting title in himself. On final hearing both the petition and the answer and counterclaim were dismissed, the former on the ground that

plaintiff failed to show title deducible from the Commonwealth, and plaintiff appeals.

The material allegations of the petition are as follows:

"The plaintiff, W. G. Branstetter, states that he is the owner of, and entitled to the possession of all of a tract of land lying in Monroe county, Ky., on the waters of Skeggs creek and bounded as follows: (Here follows description of the land.) That the defendant, S. T. McGuire, owns a tract of land adjoining plaintiff's said tract and bounded as follows. (Here follows the description.) That the dividing line between their said lands, in so far as this controversy is concerned, is a straight line from the corner where they both call for a stake, eleven poles short of three white oaks to two poplars, defendant's deed calling S. 13 E. 121 p. to said two poplars, and plaintiff's deed calling with defendant's line S. 1 W. 73 p. to a white oak in said line; that the calls of defendant's deed S. 13 E. is error, as a straight line between said stake and said two poplars being S. 1 W., the same being the true line between plaintiff's and defendant's lands.

Plaintiff states that defendant has entered upon, and has taken possession of about ten acres of plaintiff's land, being a strip lying along plaintiff's side of said line, the entire length called for in plaintiff's deed, and has enclosed about five acres thereof, in defendant's own field, and has same now in cultivation and has for the last year wrongfully held plaintiff's said land and has kept plaintiff out of the possession of it for the last year and has taken possession of plaintiff's fence and used plaintiff's rails to enclose his, defendant's field, all to plaintiff's damage in the sum of $125.00."

Thereafter plaintiff filed an amended petition more particularly describing the land in controversy.

In his answer and counterclaim defendant denied that plaintiff was the owner or was entitled to possession of all or any part of the tract of land described in the petition, or that he was the owner or was entitled to possession of the land described in the amended petition. He further denied that he had entered upon or had taken possession of about ten acres or any quantity of plaintiff's land, or that he had taken possession of a strip lying along plaintiff's side of said line, the entire length or any length called for in plaintiff's deed, or that he had then or had ever had any of plaintiff's land enclosed in his

field or under his fence, or that he had ever cultivated any part of plaintiff's land at any time, or that any part of the land in controversy now or ever did belong to plaintiff. He also averred that the true line between his land and the land "claimed by this plaintiff" is the line called for running from a stake, thence S. 13 E. 121 poles to two poplars, etc. In another paragraph he alleged in substance that before the bringing of the suit plaintiff and defendant agreed to have the county surveyor survey the line between them and to abide by the result; that in accordance with the agreement a survey was made and the dividing line fixed by the county surveyor, and it was ascertained that all the land in controversy belonged to the defendant; that plaintiff then agreed that the land in controversy did belong to the defendant, and he and the defendant then adjusted their fencing so as to include the land in controversy in the field of defendant; that thereafter plaintiff requested defendant to rent him the land and offered to pay rent therefor.

Where the title of plaintiff in ejectment is put in issue, he must recover on the strength of his own title, and to that end must show title by adverse possession, or title deducible from the Commonwealth or from a common source, unless the defendant agrees to the contrary or waives his right to insist on such proof. Logan v. Williams, 159 Ky. 416, 167 S. W. 124; Burchett v. Scott, 176 Ky. 669, 197 S. W. 397. Here defendant not only denied plaintiff's title to the whole tract described in the petition, but also denied his title to the tract in controversy set out in the amended petition. It is conceded that plaintiff did not show title by adverse possession or from the Commonwealth or from a common source. No agreement to dispense with proof of title was shown. The evidence was taken by deposition and the case was heard in equity. Plaintiff prepared his case according to his own view of the proof required. Defendant made the point in the lower court that plaintiff had failed to show title, and the point was sustained. It is not claimed that defendant did or said anything calculated to mislead plaintiff into the belief that strict proof of title would not be required, unless that paragraph of the answer pleading an agreed line may be regarded as having that effect. That paragraph merely alleged in substance that before the bringing of the suit plaintiff and defendant agreed to have the county surveyor survey the line between them and to

abide by the result; that in accordance with the agreement a survey was made and the dividing line fixed, and that it was ascertained that all of the land in controversy belonged to the defendant, to all of which plaintiff agreed and he and the defendant then adjusted their fencing so as to include the land in controversy in the field of defendant. In view of the explicit denials of plaintiff's title, it seems to us that there is nothing in these allegations which may be construed as a waiver of defendant's right to insist upon proper proof of title.

Judgment affirmed.