### Collins v. Zella Mining Company, et al.

(Decided April 27, 1923.)

### Appeal from Floyd Circuit Court.

1. Ejectment—Plaintiff Must Recover on Own Title, and Prove Title from Commonwealth or from Common Source.—In an action to establish title and recover possession of land, and to enjoin trespass thereon, plaintiff must recover, if at all, on the strength of his own title, and not because of defect in the title of defendant; and, if his title is denied, the burden is on him to trace his title to the Commonwealth or to show that his title and that of defendant are derived from a common source.

2. Ejectment—Answer Held not to Put Plaintiff's Title in Issue.—An answer denying plaintiff's title to the tract described in the petition only in so far as it conflicted with the tract described in the answer as claimed by defendants admitted plaintiff's title, where there was no conflict between the two tracts as described when the monuments called for by both descriptions were properly located, so that plaintiff was not required to prove his title.

3. Pleading—Answer of Second defendant Denying title Held Limited by Admission of Other Defendant in His Answer.—Where an

amended petition to establish title and recover possession of land was filed before answer, and changed the original petition only by adding an additional defendant, there was no necessity for two answers, and where defendants did file a separate answer to each petition, both should be treated as a single answer, in which, when construed against defendants, the denial of plaintiff's title in the second answer was limited by the admission of title in the first answer, except in so far as it conflicted with the tract claimed by defendants.

4. Mines and Minerals—Evidence as to Coal Taken from Land Held Insufficient to Sustain Judgment for More Than Nominal Damages. —In an action to enjoin trespass on plaintiff's land and recover damages, evidence that defendants had taken coal from the land in dispute, but not showing the quantity taken, except as roughly indicated on maps in the record and estimates by plaintiff confessedly based on information, which estimates were wholly irreconcilable as to the extent of the encroachment on the land in dispute, held insufficient to sustain a judgment for more than nominal damages.

JOSEPH D. HARKINS, D. G. BOLEYN and ROBT. T. CALDWELL for appellant.

A. B. COMBS and SMITH & COMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant, asserting title to and possession of a described tract of land, alleged that defendants Clere and Blackburn were trespassing on same and taking coal therefrom through an opening on an adjoining tract of land, and sought an injunction and damages.

Before answer he filed an amended petition alleging that the Zella Mining Company was a necessary defendant, that Clere and Blackburn were operating the mine, but under some arrangement with and for the mining company, and, repeating in substance the allegations of the original petition, asked the same relief.

Thereafter the defendants jointly filed an answer to the petition and also an answer to the amended petition, in the first of which they denied that plaintiff was the owner or in possession of the land described in his petition, or any part thereof, "in so far as same conflicts with the tract of land hereinafter described." In the second paragraph, a tract of land is described which it is alleged "conflicts with the boundary of land set out and described in the petition," and that Clere and one Tate are the owners of same.

In the first paragraph of the answer to the amended petition, defendants deny plaintiff's ownership of the land described in the petition, and in the second paragraph they describe the same tract as in their first answer, allege that they own same, and that it conflicts with the tract claimed by plaintiff.

By separate reply to each of these pleadings, plaintiff simply denied that defendants or Tate were the owners of any portion of the land described in the answer, conflicting with the land described in his petition.

Much proof was taken as to the true location of a dogwood, now gone, which is called for as a corner to both the land claimed by plaintiff and described in his petition, and the land described in defendants' answers and claimed by it. These two tracts described in the pleadings do not overlap, but simply touch each other at the dogwood, wherever its location, but upon its true location depends the location of the line which throughout the evidence is treated by all parties as the disputed dividing line between the litigants.

The great preponderance of the evidence is conclusive to our minds that this dogwood stood where plaintiff and his witnesses locate it, and that the land in dispute is within the boundary described in the petition, and it is certain it is not within the boundary described in the answers, no matter whether the dogwood is located as claimed by plaintiff or defendants; and that the disputed line is not where claimed by defendants, since to so locate it entirely disregards one line in plaintiff's deed running along the ridge with Allen's line.

But plaintiff only proved his title back to Anderson Hayes, and he did not prove that defendants also derived their title from the same source. This latter fact, however, is strongly indicated, if not established, by notations on a map filed by defendants, showing the lands claimed by them, and the boundary claimed by plaintiff, and the line between them as claimed by each party. On the land claimed by plaintiff is this endorsement:

"Conveyances:

ANDERSON HAYES,
NANCY HOWARD,
DR. M. M. COLLINS."

And this is a true record of the conveyances from Hayes to plaintiff.

On the tracts represented as the lands of defendants is this notation:

"Conveyances:

ANDERSON HAYES,
BEAVER CREEK COAL & COKE CO.
ELKHORN COAL CORP.,
S. C. ALLEN,
R. D. CLERE, &c."

Evidently because of plaintiff's failure to prove his title from the Commonwealth, cr that the adverse parties claimed under a common grantor, the chancellor dismissed the petition, and plaintiff appeals.

The rule is well settled that in an action of this kind a plaintiff must recover, if at all, upon the strength of his own title, and cannot recover because of defect in or absence of title in his adversary; and that if his title is denied, the burden is upon him to trace his title to the Commonwealth, or show that his title and that of his adversary are derived from a common source.

But this rule can apply to the evidence only in so far as plaintiff's title is in issue under the pleadings. As has been noticed, defendants filed two separate answers, denying in the first only that plaintiff had title to the tract described in his petition in so far as it conflicted with the tract described therein and claimed by defendants. Hence upon that pleading plaintiff's title was not denied, and was therefore admitted, except as the two tracts conflict, but, as already stated, there is no conflict between these two tracts, although both call for the dogwood, since they simply touch at that point, and the one could not overlap the other, no matter where the dogwood actually stood.

Clearly, upon the evidence and under these pleadings, plaintiff was entitled to recover.

The second answer filed by defendants does not withdraw any of the statements made in the first, or deny their truth, but it does deny plaintiff's title to the tract claimed by him, and asserts title in defendants to the same tract again described, that was described in the first answer, and repeats the allegation that there is a conflict between the two tracts.

The amended petition was filed before answer, and simply added the Zella Mining Company as a necessary defendant because, as alleged, the two original defendants, Blackburn and Clere, were operating the mine and

committing the acts of trespass for it, or under some arrangement with it, the one being its president and the other its secretary, as shown by the evidence.

There was therefore no necessity of two answers, and both should, we think, be treated as a single answer, in which, if construed against the defendants, they admit plaintiff's title except as there is a conflict in the two tracts of land, one owned by plaintiff and the other by defendants.

This was the only issue toward which proof was directed by either party, and, as evidence that this was the view of each litigant as to the issue in the case, defendants filed the map already referred to, which not only showed the lands claimed by each and the disputed dividing line between them, but by the notations thereon showed the chain of title of each to a common source.

Simple justice demanded, it seems to us, under such circumstances, that the court should have adjudged this issue alone, and that plaintiff should not be deprived of the land, which the proof shows is included in his tract and not in that of the defendants, upon the ground he failed to prove that he and defendants derived title from a common source, when defendants both admit and deny his title in their pleadings, and filed in evidence a map portraying the contentions of each party and bearing on its face notations which if true show the parties derived title from a common source.

We are of the opinion, therefore, that plaintiff was entitled to a permanent injunction against defendants from trespassing upon the land in dispute, or taking coal therefrom; and that the line dividing the lands of the parties is properly located by a straight line from the dogwood as located on Edward Halley's map to a point on the ridge in Allen's line, which is 236 feet from the white oak, corner to Allen and Collins, and not, as defendants attempted to prove, by running a straight line from the haw bush near the creek to the white oak corner, which excludes entirely the line called for in plaintiff's deeds, along the top of the ridge with Allen's line to the white oak corner.

While it was proven without contradiction that defendants had taken coal from the land in dispute, there is no evidence whatever as to the amount, except as roughly indicated on the maps in the record and estimates by plaintiff, confessedly based upon information and what he considered the usual method employed. The maps and

plaintiff's estimates are wholly irreconcilable as to the extent of the encroachment of the mining operations of defendants upon the land in dispute, and neither in our judgment is of sufficient dignity or accuracy to sustain a judgment for more than nominal damages.

Wherefore the judgment is reversed, with direction to enter another conforming to the views herein expressed.