## WELLS et al. v. FITZGERALD.

(Circuit Court of Appeals, Sixth Circuit. March 14, 1924.)

No. 3897.

1. **Frauds, statute of ⊝⟹103(1)—Conveyance of one-third interest held valid.**
A conveyance of a one-third interest in described realty in consideration of a stated sum, receipt of which was acknowledged by one holding a title bond therefor, *held* valid, and not within the Kentucky statute of frauds.

2. **Champerty and maintenance ⊝⟹7(1)—Conveyance of one-third interest and agreement that grantor would prosecute action held not champertous.**
A conveyance by a holder of a title bond of a one-third interest in the land, and the subsequent prosecution of an action to cancel a deed to a third party in grantor's name alone, pursuant to an agreement that it should be so prosecuted, *held*, under Ky. St. §§ 209, 211, not champertous.

3. **Trusts ⊝⟹79—Plaintiff's grantee has interest in fund received as settlement of claim involving land conveyed.**
Where holder of title bond, after conveying a one-third interest in the land, instituted a suit to establish his interest for the benefit of his grantee as well as himself, money received in settlement and compromise, by the grantor's heirs, who had knowledge of grantee's interest, was a trust fund, in which grantee had a one-third interest.

4. **Trusts ⊝⟹79—Resulting trust arises in favor of person paying part of purchase price.**
Where a conveyance is made to one, and the purchase price in whole or in part is paid by another, a resulting trust is raised in favor of the latter to the extent of such payment, or to the extent of his proportion of the money ultimately realized from the sale of the property so conveyed.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by W. H. Fitzgerald against Lillie C. Wells, administratrix of J. J. Wells, deceased, and others. Decree for complainant, and defendants appeal. Affirmed.

W. N. Cope, of Lexington, Ky. (Thomas T. Cope, of Jackson, Ky., on the brief), for appellants.

Ed. C. O'Rear, of Frankfort, Ky. (O'Rear, Fowler & Wallace, of Frankfort, Ky., on the brief), for appellee.

Before DENISON and DONAHUE, Circuit Judges, and JONES, District Judge.

JONES, District Judge. This case is here on appeal from the decree and judgment entered by the District Court of Kentucky, for the Eastern Division, in favor of the appellee Fitzgerald. Fitzgerald filed a bill in equity against the appellants, who are the personal representatives and heirs at law of one J. J. Wells (also known as Jack Wells), and the guardian of his minor children, praying for a decree that Jack Wells held one-third of certain lands in Kentucky in trust for Fitzgerald, and for a judgment representing one-third of the amount received by the appellants in compromise and settlement of their claim in the property in question.

⊝⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no serious controversy as to the facts, which are, briefly: That on September 4, 1917, Fitzgerald purchased of Wells one-third interest in a title bond held by Wells in an 80-acre tract of land in Lee county, Ky., and that he received therefor, as evidence of the sale, and as acknowledgment of the purchase money, a memorandum in writing, signed by Wells and containing a description of the property. Derrickson had been the owner of the 80-acre tract, and on September 20, 1913, had sold it all to one George Booth by title bond. On January 15, 1917, Derrickson, the holder of the legal title, conveyed it by deed to J. P. Crain. Booth, being still in possession of the property, by his tenant, on August 30, 1917, sold and assigned all his interest in the land by virtue of his title bond to Wells for $500. A few months subsequent, Wells brought suit in the circuit court in Lee county, Ky., against Derrickson and Crain, for cancellation of the deed from the former to the latter, and seeking to have the deed made to himself, and to quiet his title. This suit resulted adversely to Wells in the circuit court of Lee county, Ky., and was affirmed by the Court of Appeals in June, 1919. Wells v. Derrickson, 184 Ky. 384, 211 S. W. 773. Wells again, in July, 1919, brought suit against Crain and his vendees or lessees, Woodford Oil & Gas Company, seeking a new trial of the action above mentioned, upon the ground of newly discovered evidence. While this new action in the Lee county circuit court was pending, Wells died intestate, and the suit was revived in the name of Wells' personal and real representatives, who are the appellants in this appeal. The parties to that action effected a compromise and settlement, whereby the defendant in that action, Woodford Oil & Gas Company, paid to the personal and real representatives of Jack Wells, deceased, the sum of $15,000, and $5,000 as attorney fees, whereupon all the right, title, and interest of Wells was conveyed to the Woodford Oil & Gas Company.

It is the claim of Fitzgerald, appellee, that Wells was trustee for his one-third interest in the land, which was the subject of the suit in the Lee county circuit court; that Wells, and subsequently his representatives and heirs, though nominally the only parties, were in fact prosecuting the suit as his trustee, under an agreement between himself and Wells, and with the understanding and agreement of such representatives and heirs at law, and by reason thereof he claims to be entitled to one-third of the amount received by Wells' estate and heirs under said compromise and settlement of the action in the Lee county circuit court. Whether Fitzgerald is entitled to judgment depends upon the legality of Wells' conveyance to him of the one-third interest in the 80-acre tract, thus creating a trust, and thereby entitling him to participate in the proceeds of the settlement and compromise of the Lee county circuit court case, and whether the legal representatives and heirs at law of Wells understood of his interest and the trust thus created, prior to and at the time of such settlement.

[1] The conveyance upon which Fitzgerald relies to establish his interest, is evidenced by the following writing:

"September 4, 1917.

"Received of W. H. Fitzgerald this date $167.33 in full for one-third interest in 80 acres, more or less, in fee. Known as the John E. Dirkeson farm, located in Lee county, Big Sinking creek, Ky., bounded on west by Tom Booth, south by Center Lumber Co., east by Brownlow Smith, north by Hall & Burke.

"Jack Wells,
"Ethel McCrobie."

There is no issue upon the fact of the execution of this writing, and the evidence amply supports its authenticity. The appellants question its sufficiency to convey the interest claimed. The property is sufficiently described, the consideration named, and its receipt acknowledged. The essentials exist therein to make the conveyance binding and enforceable. Wells' grantor was in possession at the time of the conveyance, and, in the absence of a showing to the contrary, Fitzgerald would be entitled to the benefit of a finding that the transaction was bona fide.

We think that this writing was a valid conveyance of a one-third interest in the 80-acre tract held by Wells under title bond from Booth. There is ample authority in the Kentucky decisions to support the validity of such a writing, and to bring it out of the operation of the Statute of Frauds of Kentucky. Tyler v. Onzts, 93 Ky. 331, 20 S. W. 256, cited with approval in Jones v. Tye, 93 Ky. 390, 20 S. W. 388; Winn v. Henry, 84 Ky. 48; Alford v. Wilson, 95 Ky. 506, 26 S. W. 539.

[2] Nor do we believe that the transaction between Wells and Fitzgerald, and the subsequent agreement to institute the suit in the Lee county circuit court, comes within the provisions of Kentucky Statutes, §§ 209, 211. Section 209 of the Kentucky Statutes provides:

"All contracts, agreements, and conveyances made in consideration of the services to be rendered in the prosecution or defense, or the aiding in the prosecution or defense, in or out of court, of any suit, by any person not a party on record in such suit, whereby the thing sued for or in controversy, or any part thereof, is to be taken, paid or received by such person for his services or assistance, shall be null and void."

There is no evidence that this writing and conveyance was made in consideration of services to be rendered in the prosecution of any suit, or of aiding therein, nor that the money paid by Fitzgerald to Wells for the one-third interest in the property was to be used for the prosecution of any suit to maintain or establish Wells' interest therein. Fitzgerald's absence as a nominal party to the suit was not to deceive or defraud Crain or his vendees or lessees as to who were all of the real parties in interest concerned, but because he did not desire to have his employers know that he was speculating on his own account, and from this record it may be said that he had every reason to believe that Wells had an equitable interest, at least, in the property derived from Booth, holding under title bond, and then in possession by tenant.

Section 211 of the Statutes of Kentucky provides:

"All contracts to prosecute a suit for the recovery of any lands in the adverse possession of another, for the whole or part of the land thus possessed, or for the whole or any part of the profits thereof, shall be null and void, and the parties to such contracts shall forfeit all rights, interest or claim in or to the land claimed under such pretended right or title," etc.

This writing or conveyance to Fitzgerald of a one-third interest in those lands was not a contract to prosecute a suit for the recovery of

lands in adverse possession of another, because at the time of the execution of the writing, as above stated, the lands were not in possession of persons adverse to Fitzgerald. It is true that there is evidence that Fitzgerald knew that there would likely be some trouble about the title to the land, and did agree, shortly thereafter, that Jack Wells was to prosecute the suit in his own name, for him. We see nothing in this transaction which brings it within the inhibition of the Statutes of Kentucky above quoted; that is, the evidence does not sustain the contention of the appellants that the conveyance by Wells to Fitzgerald, or the subsequent prosecution of the suit to set aside the deed to Crain, was champertous. Swager v. Crutchfield, 9 Bush (Ky.) 411, 416; Rucker v. Bolles, 80 Fed. 504, 25 C. C. A. 600; Russell v. Boyle, 84 Ky. 386, 390, 1 S. W. 604; Davies v. Stowell, 78 Wis. 334, 47 N. W. 370, 10 L. R. A. 190.

[3] That the money received by the appellants in settlement and compromise of their interest in this property created a trust fund as to Fitzgerald's one-third interest, there can be no question. The evidence is undisputed that Wells instituted and prosecuted the suit to establish his interest in the Lee county circuit court, not only for the benefit of himself, but for the benefit of the interest held by Fitzgerald. It may be doubtful if Fitzgerald's testimony with respect to his understanding with Wells as to the prosecution of the suit was competent, but that there was such an agreement is fully sustained, in the opinion of the court, by certain letters read in evidence from Wells to Fitzgerald, and from Mrs. Wells to Fitzgerald, sent while the lawsuit in the Lee county circuit court was pending. These were letters advising Fitzgerald of the amount of costs and expenses accrued in prosecuting the suit, and requesting payment by him of one-third thereof, as his share. The understanding and agreement with respect to the prosecution of the suit, and the interest of Fitzgerald therein, is corroborated by the testimony of R. W. Richards, who had purchased a one-third interest in the same property of Wells, but who, after the affirmance of the title suit by the Kentucky Court of Appeals in June, 1919, sold his one-third interest back to Wells, and withdrew from the litigation. There was a bona fide conveyance, and made prior to any apparent thought or act, so far as the evidence discloses, respecting the prosecution of the suit to set aside the conveyance of Derrickson to Crain.

[4] In this situation, there can be no question but that the money received by the Wells heirs in compromise and settlement of their interest in the land created a trust fund for the benefit of Fitzgerald to the extent of his one-third interest. If the conveyance be made to one person and the purchase money is paid by another, a trust results by implication of law in favor of the person who pays the money. So, likewise, if the conveyance be made to one and the purchase price in part paid by another, a resulting trust is raised in favor of the latter to the extent of such payment, or to the extent of his proportion of the money ultimately realized from the sale of the property so conveyed. See Honore v. Hutchings, 8 Bush (Ky.) 687, 71 Ky. 693, 697; Farris v. Farris (Ky.) 29 S. W. 618. From the nature of the whole transaction between the parties, a resulting or implied trust was created in be-

half of Fitzgerald to the extent of the interest conveyed to him, and he was thereafter entitled to share in the proceeds derived from the settlement made for the whole, to the extent of that interest. Wright v. Yates, 140 Ky. 283, 130 S. W. 1111; Angel v. Smith, 6 App. Div. 251, 39 N. Y. Supp. 1115; Warden v. O'Brien, 142 Ky. 633, 136 S. W. 635.

In the trial below, the appellant Lillie Wells, wife and administratrix of Jack Wells, deceased, disclaimed any knowledge or understanding of Fitzgerald's interest in the property or in the suit in the Lee county circuit court with respect to the title of the land in question. She testified that she sent two cost bills inclosed in the letters hereinbefore referred to, but knew nothing of what they were for. Isaac Sparks, father of Mrs. Wells, and guardian for Jack Wells' minor children, gave negative testimony as to his knowledge of Fitzgerald's connection with the property, or with the suit. It is not reasonable to suppose that Mrs. Wells, her children, and their guardian did not know of Fitzgerald's relation to the transaction, in view of her two letters to him and the inclosed cost bills requesting the payment of one-third thereof. It seems to us that, in view of this evidence, Fitzgerald had the right to believe that the appellants had knowledge of his claim, and the fact that he was expecting to receive one-third of whatever should be recovered as the result of the title suit in the Lee county circuit court, and in view of these letters, and his personal visit and talk with Mrs. Wells, there was no necessity for his giving further notification to them of his interest, and, in fact, he had good right to expect that his rights and interests would be recognized and taken care of.

In view of the finding that the appellants had knowledge of Fitzgerald's interest, the compromise and settlement may be presumed to have been made in contemplation of Fitzgerald's one-third interest; at least Fitzgerald's claim could not be avoided by appellants' refusal to recognize it, when they had knowledge of its existence.

In view of these considerations, the decree and judgment of the District Court will be affirmed.