## Alexander v. Duncan et al.

(Decided Jan. 31, 1933.)

(As Modified on Denial of Rehearing March 14, 1933.)

JOHN M. THEOBALD and THOMAS D. THEOBALD, Jr., for appellant.

R. C. LITTLETON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This action of ejectment, brought by Carrie Fults Duncan and others against W. E. Alexander, resulted in a verdict and judgment for plaintiffs. Defendant appeals.

Only a small strip of land is involved. Both appellant and appellees, who are adjoining landowners, derived title from Wesley Fults, but there is no overlapping of boundaries. The case turns on the location of the dividing line between the tracts owned by the parties, and on the further questions of adverse possession and champerty asserted by appellant. We deem it unnecessary to review at length the evidence bearing on these issues. In our opinion it was sufficient not only to take the case to the jury, but to sustain the verdict.

The language of the instruction on adverse possession is "for fifteen years or more before the 21st day of July 1930." Therefore, the instruction is not subject to the criticism that it confined the adverse possession to a period of fifteen years next preceding the day on which the action was brought. Not only so, but the instructions, considered as a whole, are substantially correct, and have been often approved by this court.

The court did not err in refusing offered instructions submitting the question whether certain deeds were champertous. The deeds referred to were made to Carrie Fults Duncan by others who were joint owners with her, and no rule of law is better settled than

that where one cotenant conveys his interest in land to another cotenant, the deed is not champertous; the reason for the rule being that the sale does not introduce any stranger to the title, but is to one who already has the right to sue and to base his action on the same title. Russell v. Doyle, 84 Ky. 386, 1 S. W. 604, 8 Ky. Law Rep. 366; Perry v. Wilson, 183 Ky. 155, 208 S. W. 776; Speer v. Duff, 65 S. W. 126, 23 Ky. Law Rep. 1323; Belcher Land Mortgage Co. v. Hazard Coal Corp. (C. C. A.) 15 F. (2d) 481; Pond Creek Coal Co. v. Hatfield, 228 Ky. 806, 16 S. W. (2d) 442.

There is no merit in the contention that the surveyor's report, which was not excepted to, was conclusive of the rights of the parties. At most, it was only prima facie correct and did not preclude other evidence on the questions involved. Ball v. Loughridge, 100 S. W. 275, 30 Ky. Law Rep. 1123.

Appellant's main contention is that he was entitled to a peremptory instruction. The basis of the claim is that, in the absence of a pleading that the parties claimed through a common source, it was incumbent on appellees, plaintiffs below, to prove title either of record from the commonwealth or by adverse possession, which they failed to do. In short, appellees' position is that a plaintiff in ejectment cannot prove title to a common source without a pleading to that effect. Crawford v. Crawford, 231 Ky. 675, 22 S. W. (2d) 93, does not sustain that position. There the defendant had pleaded title from a particular person and plaintiffs proved the title of that person back to a common grantor under whom they held. During the trial the court permitted the defendant to withdraw his answer. When this was done there was no proof connecting defendant's title with a common source. Thereupon plaintiffs asked for a continuance to enable them to prove title back to the commonwealth, but the court overruled the motion and directed the jury to return a verdict for the defendant. It was held that permitting the defendant to withdraw his answer was accident or surprise within Civil Code of Practice, sec. 340, par. 3, warranting a new trial by reason of the refusal of the continuance to permit plaintiffs to introduce proof tracing their title back to the commonwealth. Indeed, a careful search has failed to reveal a single case upholding appellant's position. Though it is true that a plaintiff in ejectment must re-

cover on the strength of his own title, the authorities uniformly hold that he may sustain this burden by showing title by adverse possession, or from the commonwealth, or from a common source. Davis v. City of Clinton, 79 S. W. 259, 25 Ky. Law Rep. 2021; Turner v. Liebel, 185 Ky. 313, 215 S. W. 70; Branstetter v. McGuire, 194 Ky. 720, 240 S. W. 354; Adams v. Adams, 194 Ky. 202, 238 S. W. 386; Collins v. Zella Mining Co., 198 Ky. 770, 250 S. W. 96; Slauson v. Goodrich Transportation Co., 99 Wis. 20, 74 N. W. 574, 40 L. R. A. 825. It has never been held necessary for either plaintiff or defendant in ejectment to plead the source of his title. All that plaintiff need allege is that he is the owner of and entitled to the possession of the land, and that the defendant is wrongfully withholding possession thereof. The defendant may deny, or he may deny and plead, ownership in himself. There is no greater reason for a pleading to support evidence of title from a common source than there is for a pleading to support evidence of title from the commonwealth. However, there is no objection to such a pleading, and sometimes it may obviate the necessity for more extended proof. For instance, if plaintiff alleges title through a common source, and this is not denied, or defendant pleads title from a common source, all that plaintiff has to do is to prove his own title to the common source. Watkins v. Northern Coal & Coke Co. (Ky.) 119 S. W. 225; Horning v. Sweet, 27 Minn. 277, 6 N. W. 782. However, if common source is not pleaded, or admitted, plaintiff has to go further and prove not only his own title, but the title of the defendant to a common source. Having done this, and no pleading being necessary to support the proof, appellees sustained the burden imposed by law, and appellant was not entitled to a peremptory instruction on the ground that they failed to show title either by adverse possession or from the commonwealth.

The further point is made that the court improperly reprimanded appellant's counsel for misconduct in the trial of other cases. It may be that the court went too far in the reprimand, McGill v. Commonwealth, 216 Ky. 430, 287 S. W. 949; but, as the verdict of the jury is fully justified by the evidence, it is not perceived how the remarks of the court were prejudicial error.

Judgment affirmed.