. Judge Underwood
delivered the Opinion oí" the Court.
This court has determined, that the assignor of a bond for the title of a tract of land, is entitled to a lien on the land to secure the purchase money, notwithstanding the assignee has parted with the bond by transfer to another, provided he had notice of such lien.
A bill in chancery is the proper remedy to enforce the lien, and may be prosecuted without obtaining a judgment at law for the purchase money. The case of Halbert vs. Grant, 4 Mon. 580, relates to the impeachment of conveyances for fraud, and does not embrace a proceeding to enforce a lien.
That Galloway had a lien, and that A. Hamilton was apprized of it before he took an assignment of Young’s bond from Moore, cannot be controverted, so far as the questions depend on matter of fact. A decree should have been rendered in Galloway’s favor, unless the bar relied on as growing out of the former suit ought to prevail. It cannot.
The administrators of Hamilton do not, in their answer, rely on any such bar. The heirs of Hamilton, who seem to be infants, and who answer by guardian., do not rely on a former decision in bar of the suit now prosecuted against them. The following quotation from the answer of the administrators, is all that is said on the subject. “Your respondents say that, on the 13th September, 1821, the complainant filed his bill in this court, against Archibald Hamilton (he being the intestate and ancestor of the defendants in error) for the same object of this bill, and similar allegations, and the said Archibald Hamilton answered said bill, and numerous depositions were taken by the parties and filed in said suit, and *577 by the final decree in the cause between the parties, said bill was dismissed without prejudice. Your respondents pray, that the pleadings and proofs in said cause may be made part of this cause, and be used and read so far as they are relevant.”
If the extract be true, there never was a decree rendered which could bar the'present bill. But even if there was such a decree it is not pleaded in bar. The pleadings and proofs only, and not- the decree, are referred to, to be used and read as far as relevant. The reference seems to have been made for no other purpose than to let in the proofs. From the transcript of the former suit, however, it appears that the same matters were put in litigation, and that the bill was dismissed absolutely, instead of without prejudice. Can we look into the transcript and inspect the decree when it has not been pleaded as a bar, and give, to it the effect of a bar, without any allegation in the answers setting it up, or relying upon it? A majority of the court think it cannot be done without departing from a long settled salutary rule, which discards proof without appropriate allegations to admit it. The clerk ought not to have transcribed more of the former record than was referred to and made an exhibit. All beyond that must be disregarded by us. Judge Nicholas thinks the whole record is sufficiently referred to, in order to give the infants the benefit thereof, and that the court should give effect to the former decree as a bar, although it has not been specially pleaded as such by them. The court, however, is unwilling to make the case of infants an exception. It is the duty of the circuit courts whenever the rights of infants are concerned, to appoint competent persons to defend for them and even to control their guardians ad litem so far as to require them to make every available defence which, in the progress of the cause, the court may perceive would protect the infant, and which could be relied on without violating good morals. But when the court does not, in the exercise of its'discretion, interfere, and when the case is prepared and presented for trial on appeal, or writ of error, before this court, we see no sufficient reason for *578 deciding it by rules variant from those applicable to eve*-ry other case.
As therefore, Galloway has shewn a lien on the land to secure the unpaid purchase money, the decree must be reversed, with costs, and the cause remanded for further proceedings.