## Wilcox v, Alley.

(Decided October 11, 1910.)

## Appeal from Boyd Circuit Court.

On the trial of an action for trespass to a field of land, the court instructed the jury that if they believed from the evidence that plaintiff had been in the actual, open and notorious possession of the land, holding and claiming it against the defendant and all the world for 15 years before the institution of the action, they must find for her, and if they further believed from the evidence that the trespass was done in a wanton, malicious, high-handed and oppressive manner, they might in their discretion award punitive damages. Held, this was a correct statement of the law, and an award by the jury of $300.00 in damages was not excessive.

R. C. BURNS and J. J. MONTAGUE for appellant.

GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The appellee, Fannie Alley, instituted this action in the Boyd circuit court against appellant, Gavitt Wilcox, to recover damages for alleged trespass upon real property claimed by her. The petition alleges, in substance, that the plaintiff was the owner and in possession of the tract of land which is set out by metes and bounds, and that the defendant (appellant) had unlawfully, wantonly, maliciously and in a high-handed manner, with force and arms, trespassed upon the property. The appellant answered setting up title in himself to the property in question and denying the ownership of appellee. Both parties alleged a record title to the property, and also a title by prescription. The trial before a jury resulted in a verdict for the plaintiff (appellee) for the sum of three hundred dollars in damages. Of the judgment based upon this verdict the appellant complains.

The property in litigation is a very small field which, as said before, both parties claim to own. The evidence showed conclusively, we think, that John Alley, the father of appellee, purchased this property in 1854, building a house and fencing in the field now in dispute

which he occupied either by himself or tenants until the time of his death. In the division of his estate the property was conveyed to his daughter, Fannie Alley, the appellee, who has been in possession either by herself or tenants ever since. The field has been under fence, owned and claimed by the appellee and her predecessors in title for more than fifty years. The appellant, Gavitt Wilcox, resides on property adjoining that in dispute. Between the two tracts there is a public highway, and each party owns and maintains a fence along the highway. A short while before the trespass complained of, appellant seems to have been informed by a surveyor that a patent, called in the record the Chadwick patent, which he claims now to own, extended over and included a part of the field within the enclosure of appellee. Thereupon he at once began to claim so much of the field as he thought was embraced within the boundary of the Chadwick patent. As an evidence of his claim to the property, he began to throw down appellee's fence, and when she sent an agent to replace the fence so torn down, appellant cursed the agent and threatened to kill him. This was the cause of the litigation which resulted in the judgment complained of.

The court, upon the trial, told the jury that, unless they believed from the evidence that appellee (plaintiff) had been in the actual, open and notorious possession of the field in question, holding and claiming it against the appellant and all the world for fifteen years next before the institution of the action, then they must find for the defendant; if they did believe from the evidence that she had so held the property adversely for fifteen years and more, then the law was for her; and if they further believed from the evidence that the trespass complained of was done in a wanton, malicious, high-handed and oppressive manner, they might in their discretion award punitive damages against defendant (appellant). This, we think, was a correct statement of the law of this case. The appellee could not show a record title back to the commonwealth, but she did show beyond question a title by prescription, if her witnesses were to be believed. The court, therefore, made her right to recover to depend alone upon the validity of her title by prescription; and unless she had such title to the property, then the law was for the defendant (appellant). Undoubtedly, if the trespass complained of was done in the violent, high-handed and oppressive manner detailed by the witnesses

for the appellee, the jury were fully authorized to award punitive damages, and we do not think the sum of three hundred dollars was too great under the circumstances.

The court did not err in refusing to transfer the case to equity in order to permit defendant to correct the alleged mistake in the boundary of the Chadwick patent. Assuming the Chadwick patent to belong to appellant, and also that it covers the property in contest, still, if appellee had held it for more than fifteen years in the manner described in the petition and in the instructions of the court, she had a good title by prescription, and the Chadwick patent would not in anywise prevail against it. The court made the right of appellee to recover to turn entirely upon the question of her adverse possession, and unless she had title by adverse possession, she was to fail in her case. This was as favorable to appellant as he either deserved or should have wished, and he has now no just complaint either of the ruling of the court or the verdict of the jury.

Judgment affirmed.