## Ewing, et al. v. City of Louisville.

(Decided November 23, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Nuisance—Measure of Damages Recoverable—Rule Applicable.—The rule as to the measure of damages in a case where the injury or nuisance, complained of, is permanent, the measure of recovery is the depreciation in the market value of the property, and the one recovery must suffice. If, however, the injury is temporary in its character, that is such as can be remedied by abating the nuisance, or removing the cause of the injury, and readily repairing the property, the measure of damages is the reasonable cost of repairing the property and the depreciation in its rental value during the period sued for, if it be rented out, or owned for renting, or if it be occupied by the owner the damage to its use, that is the diminution if any in the value of the use of the property during the continuance of the nuisance or injury covered by the period for which the action was brought. The evidence allowed on the former trials for the purpose of showing any appreciation of the value of appellant's property from the construction of the alley or its convenience to them or their tenants should have been excluded by the court as incompetent.

W. S. HOGUE, for Appellant.

HUSTON QUIN, LEON P. LEWIS and CLAYTON B. BLAKEY, for Appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellants, Thos. R. Ewing and his wife, Betty Ewing, to recover of the appellee, City of Louisville, damages for the alleged flooding of a lot in Parkland, a suburb of Louisville, the property of Mrs. Ewing, by so obstructing the natural flow

of the surface water thereon and diverting same from its natural channels as to cause it to overflow her premises, cellar, stable and privy, and stand therein and upon the lot in great and unusual quantities, thereby injuring the property, necessitating repairs thereon and diminishing its market and rental value.

The injuries to appellant's lot complained of resulted from the construction by appellee of an alley north and in the rear thereof without providing for the escape of the surface water.

According to the evidence the two-story dwelling house on the lot fronted on Virginia avenue and stood on an elevated part of the ground from which there was a natural drainage toward the rear of the house leading into a pond or series of ponds some distance from the premises, and that appellee's servants in constructing the alley elevated it somewhat above the rear of appellants' lot and by erecting eighteen inch curbing along the alley formed a dam which caught and so obstructed the surface water, that had been wont to flow from the lot into the adjacent ponds, as to cause it to collect and form a pond on the lot, from which it backed into the cellar of the residence and into the stable and privy, and there remained, to the injury of the property and loss of its use to appellants and their tenants.

Much of appellants' evidence tended to prove that the flooding of the lot could have been prevented if appellee in constructing the alley had provided a pipe or culvert for carrying the surface water therefrom.

In resistance of a recovery appellee interposed the defense that the alley was properly constructed according to a grade, plan and specifications adopted by a city ordinance, and the work superintended by the city engineer; that appellee was not liable for the damages claimed by appellants as the work was original construction and properly done.

On the trial succeeding the completion of the issues the jury returned a verdict for appellee. This verdict and the judgment entered thereon, the circuit court set aside, and granted appellants a new trial; thereupon appellee moved the court to set aside the order granting the new trial and restore the verdict and judgment in its favor, the court overruled appellee's motion and to that ruling appellee excepted. The second trial likewise re-

sulted in a verdict and judgment for appellee. Appellants again entered motion for a new trial, but the motion was overruled, and from the judgment last entered this appeal is prosecuted. But appellee has not prosecuted a cross appeal from the judgment overruling its motion to set aside the order granting appellants the new trial. We are, however, of opinion that the granting of the new trial was proper, as the instructions given on the first trial as well as those given on the last, were erroneous.

We are clearly of opinion that the circuit court erred in its adoption of the theory upon which it instructed the jury in this case. The case is not one for which consequential damages to adjacent property from the establishment of the original grade adopted in constructing the alley are sought to be recovered by the owner, and which as held in City of Owensboro v. Hope, 128 Ky. 524, are not recoverable; but it is a case in which recovery of damages is permitted by section 242 of the present Constitution which enlarged a similar provision of the previous Constitution by allowing compensation for property "injured or destroyed" as well as that taken for public use as was alone provided by the former Constitution. The right of recovery upon such facts as are here presented has been recognized by this court in the following cases: Pickerell v. City of Louisville, et al., 125 Ky. 229; Thurman v. City of Covington, 23 R. 117; L. & N. R. R. Co. v. Cornelius, 23 R. 117; Finley v. City of Williamsburg, 24 R. 1336; City of Madisonville v. Hardman, 29 R. 253; Town of Central Covington v. Beiser, 122 Ky. 715.

The flooding of appellant's lot was caused not from an imperfect grading of the alley, but from appellee's failure, in constructing it, to provide by culverts, pipes, or otherwise for draining the lot of the surface water that the alley when completed obstructed and prevented from escaping, as was its wont, before the alley was made. Such failure, if established by proof, would authorize a recovery by appellants of the damages sustained.

The instructions given by the circuit court on the two former trials were misleading. When the case is again tried the instructions should conform to the view of the law expressed above.

The rule approved by this court as to the measure of damages in a case like this is that where the injury or nuisance complained of is permanent, the measure of recovery is the depreciation in the market value of the property, and the one recovery must suffice. Central Consumers Co. v. Pinkert, 122 Ky. 720. If, however, the injury to the property is temporary in its character, that is such as can be remedied by abating the nuisance, or removing the cause of the injury, and readily repairing the property, the measure of damages is the reasonable cost of repairing the property and the depreciation in its rental value during the period sued for, if it be rented out, or owned for renting; or if it be occupied by the owner, in addition to the reasonable cost of repairs, the damage to its use, that is the diminution, if any, in the value of the use of the property during the continuance of the nuisance or injury, covered by the period for which the action is brought. Pickerill v. City of Louisville, 125 Ky. 213, City of Madisonville v. Hardman, 29 R. 253, Hutchinson v. City of Maysville, 30 R. 1173.

It is not clear from the pleadings or proof whether appellants were seeking to recover under the first or second measure of damages stated above, but on a retrial the court can apply either of them that may accord with the proof.

The evidence allowed on the former trials for the purpose of showing any appreciation of the value of appellant's property from the construction of the alley or its convenience to them, or their tenants, should have been excluded by the court. Such evidence is incompetent and its introduction on the next trial would be improper.

For the reasons given, the judgment is reversed and cause remanded for a new trial in conformity to the opinion.