## City of Pikeville v. Riddle.

(Decided October 9, 1923.)

## Appeal from Pike Circuit Court.

1. Municipal Corporations—Evidence Held Competent and Sufficient to Show City's Liability for Injury by Grading and Diverting Water.—In an action for injury to premises caused by grading a street and diverting natural flow of water, an ordinance providing for the opening up of certain streets, and among them the "extension of H. street," the grading of which caused the injury, and evidence that the work was done under the direction and supervision of the city engineer, was not only admissible, but clearly sufficient to show that the city was responsible for the injury.

2. Damages—Measure of Damages for Injury to Real Property.— Where injury to real property is temporary, the measure of damages, if the property be rented or held for rent, is the diminution in its rental value during the continuance of the injury; but, if it be occupied by the owner, it is the diminution in the value of the use of the property during that period.

3. Damages—Evidence as to Temporary Injury to Real Property Held Incompetent.—In an action against a city for temporary injury to real property by diversion of the natural flow of water in grading a street, an objection should have been sustained to

a question, "Just tell what you think it really did diminish the property," and the answer, "Well, I would say from $1,000.00 to $2,000.00;" the issue not being how much the property itself had been diminished, but how much the value of its use had been diminished.

ALEX. L. RATLIFF for appellant.

ROSCOE VANOVER and P. B. STRATTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

T. M. Riddell was the owner of a house and lot in the city of Pikeville. In the year 1914 the city opened up, excavated and graded a street above and adjoining his premises. The work was done in such a manner as to divert the natural flow of the water and cause it to flow over and injure Riddle's premises.

In the year 1917 Riddle sued the city for damages. The first trial resulted in a verdict and judgment in his favor for $1,000.00. The city appealed and obtained a reversal of the judgment. City of Pikeville v. Riddle, et al., 191 Ky. 231, 230 S. W. 237. On the next trial the damages were fixed at $2,000.00, and the city appeals.

It is first insisted that there was no competent evidence to the effect that the grading was done by the city. This is not a case where it was sought to enforce a street improvement lien, but a case where damages were asked for a tort committed by the city. There was introduced in evidence an ordinance providing for the opening up of certain streets in the city, and among them the "extension of High street," the grading of which caused the injury. It was further shown that the work was done under the direction and supervision of the city engineer. Having shown that the council authorized the opening up of the street, and that the work incident thereto was done by the city engineer, we think the evidence was not only admissible, but clearly sufficient in an action of this kind to show that the city was responsible for the injury.

Another contention is of a more serious character, and that is that the only evidence on the question of damages was inadmissible, and that the evidence was not sufficient to support the verdict. It has long been the established rule in this state that where, as in this case, the injury to real property is temporary, the measure of damages, if the property be rented or held for rent, is the diminution in its rental value during the continuance of

the injury, but if it be occupied by the owner, it is the diminution in the value of the use of the property during that period. Ewing v. City of Louisville, 140 Ky. 726, 131 S. W. 1016, 31 L. R. A. (N. S.) 612. While three or four witnesses testified as to the conditions prevailing after the street was graded and the water was diverted, only one witness attempted to state the amount of the damages. Though permitted to answer not only as to the diminution in the rental value, but as to the diminution in the value of the use of the property, he made no specific answer until the court asked the following question: "Just tell what you think it really did diminish the property?" whereupon the witness said, "Well, I would say from $1,000.00 to $2,000.00," to which answer an objection was overruled. While the answer was responsive to the question, the question itself was improper because the issue was not how much the property itself had been diminished, but how much the value of its use had been diminished. It follows that the objection to the question and answer should have been sustained, and, with this eliminated, the evidence was not sufficient to support a verdict of $2,000.00.

Judgment reversed and cause remanded for new trial consistent with this opinion.