## Zella Mining Company v. Collins.

(Decided May 13, 1924.)

### Appeal from Floyd Circuit Court.

1. Trespass—Possession Sufficient Against Trespasser.—As against bare trespasser, possession is sufficient to recover for trespass.

2. Adverse Possession—Possession Extended to Calls of Deed.— Where boundary was marked and well defined and grantees entered and held claiming as their own all land within boundary called for in deed, their possession extended to calls of deed; there being no adverse possession of any part of the land, and no prior grant.

3. Eminent Domain—Private Property Taken for Public Purposes Only Under Right of Eminent Domain.—Private property may only be taken for public purposes under right of eminent domain.

4. Trespass—Rule Permitting Recovery Once for all Does Not Apply in Case of Trespass.—The rule that, when private property is injured by a continuing nuisance which is permanent in character, a recovery once for all may be had by plaintiff at his election, is not applied in case of mere trespass on land by wrongdoer.

5. Trespass—Measure of Damages for Temporary Injury.—Measure of damages for temporary injury is depreciation in rental value, if rented out, or, if occupied by owner, diminution in value of use caused by injury.

6. Trespass—Building Not Permanent Injury to Land.—The building and occupancy of a powder house, a small shack twelve feet square, is not a permanent injury to land, and recovery can be had only for temporary injury, since trespasser can move out any day.

7. New Trial—Entry of Judgment on Separable Verdict.—Where jury assessed $250.00 damages for cutting timber and $250.00 for erecting powder house on land, verdict was separable, and, where measure of damages for erecting powder house was erroneous, court should have entered judgment for $250.00 for timber, and set aside verdict as to powder house, and granted new trial on that branch.

8. Trespass—Nominal Damages Recoverable for Erection of Building on Land.—Landowner was entitled to recover in any event nominal damages for trespass consisting of erection and occupancy of powder house.

9. Trespass—Punitive Damages Recoverable.—If erection and occupancy of powder house on land was with wanton and reckless disregard of landowner's rights, he was entitled to punitive damages.

B. F. COMBS and A. B. COMBS for appellant.

JOSEPH D. HARKINS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

On February 24, 1903, Juda Hays conveyed to Anderson Hays a tract of land in Floyd county containing seventy-five acres. Juda Hays, and those under whom he claimed, had been in the adverse possession of this land for thirty years before he conveyed it to Anderson Hays. The latter on January 23, 1907, conveyed to the Beaver Creek Coal and Coke Company the mineral on a portion of this land, also the right to take timber thereon of certain sizes. On July 1, 1920, the Elk Horn Coal Company, to whom the first grantee had conveyed the property, conveyed to the Zella Mining Company the mineral and timber rights in a portion of the land conveyed to the first company. By regular conveyances M. M. Collins became the owner of the seventy-five acre tract subject to the conveyance of the mineral and timber rights above referred to. Collins on May 4, 1921, brought this suit against the Zella Mining Company charging that it had cut timber on his land not of the sizes conveyed by the deed of Anderson Hays, and also that it had built upon his land a powder house and was occupying the powder house to his damage, in all in the sum of a thousand dollars. An answer was filed controverting the allegations

of the petition. On the trial before a jury the following verdict was returned:

> "We the jury do agree and find for the plaintiff the sum of $250.00 for timber cut and $200.00 for erection of powder house on said plaintiff's land, and $50.00 for building magazine on land without permission of said plaintiff as punitive damage, total $500.00."

The court entered judgment for the plaintiff on the verdict and the defendant's motion for a new trial having been overruled it appeals.

It is earnestly insisted that the plaintiff could only recover for the timber cut on that part of the land conveyed to the Zella Mining Company by the Elk Horn Coal Company, for the reason that only as to this strip the plaintiff and defendant each claimed under Anderson Hays; and that it was not shown that Anderson Hays had title from the Commonwealth as to any of the land. But as to the remainder of the land the Zella Mining Company was simply a trespasser without color of title or any claim at all to the land, and as against a bare trespasser possession is sufficient to recover for a trespass. North v. Cates, 2 Bibb 591; Miller v. Humphries, 2 A. K. M. 446; Hall v. Denton, 24 R. 314. In addition to this the deed to Anderson Hays and the deeds following it describe the land by metes and bounds. The boundary was marked and well defined, the grantees each entered and held, claiming as their own, all the land within the boundary called for in the deed. Under such circumstances the possession of the grantees extended to the calls of the deed, there being no adverse possession of any part of the land and no prior grant. Hopson v. Cunningham, 161 Ky. 160; Tennis Coal Company v. Sackett, 172 Ky. 729; New York, etc. Oil Company v. Miller, 187 Ky. 742.

The circuit court therefore did not err in submitting to the jury the defendant's liability for cutting the timber and the evidence well warrants the finding of the jury fixing the damages for this at $250.00.

As to the powder house a different question is presented. On this branch of the case the court gave the jury this instruction:

> "The court instructed the jury that they will find for the plaintiff, in damages, for the construc-

tion of said powder house upon his lands, the difference, if any, between the reasonable market value of said land with the powder house thereon constructed, and without the powder house thereon, not exceeding in all the sum of $200.00.''

Private property may be only taken for public purposes under the right of eminent domain. When private property is injured by a continuing nuisance which is permanent in character a recovery once for all may be had by the plaintiff at his election, but this rule is not applied in the case of a mere trespass on land by a wrongdoer. Central Con. Co. v. Pinkert, 122 Ky. 720. Here the Zella Mining Company is a bare trespasser without color of title and can move out of the powder house any day and surrender possession of the plaintiff's land. The powder house is a small shack about twelve feet square. The measure of damages for a temporary injury is:

"The depreciation in its rental value during the period sued for, if rented out, or, if occupied by the owner, the diminution in the value of the use of the property caused by the injury." Price Bros. v. City of Dawson Springs, 190 Ky. 349.

The verdict of the jury fixing the damages at $250.00 for the erection of the powder house or magazine is based upon an erroneous criterion of damages; but as the verdict is separable so much as finds the damages for timber cut should not be disturbed. The court should have entered judgment for the plaintiff for $250.00 for the timber cut and should have set aside the verdict as to the powder house and granted the defendant a new trial on this branch of the case.

The plaintiff is entitled to recover in any event nominal damages for the trespass, and if it was done with a wanton and reckless disregard of his rights, punitive damages may be recovered in addition to compensatory damages as above indicated.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.