## Harlan Gas Coal Company v. Hensley, et al.

(Decided February 21, 1928.)

### Appeal from Harlan Circuit Court.

1. Mines and Minerals.—Possession under color of title, which had not ripened into title, was sufficient to authorize recovery against alleged wrongdoer for extraction of coal from under plaintiffs' premises

2. Limitation of Action.—Plea of statute of limitations could be anticipated by plaintiffs in petition.

3. Limitation of Actions.—Where it appeared that alleged extraction of coal from under plaintiffs' premises occurred either in 1920 or 1921, and petition was not filed until January 7, 1927, but there was evidence that plaintiffs did not ascertain and had no means of discovering that defendant had removed coal for which they sued until 1923, question whether action was barred by five-year statute of limitations held for jury.

4. Evidence.—In action for damages for unlawful extraction of coal from under plaintiffs' premises plaintiff's testimony as to royalty value of coal corroborated by another qualified witness, held competent.

5. New Trial.—Verdict for $3,750, which was $500 in excess of plaintiff's estimate as shown by his testimony regarding royalty value of coal alleged to have been extracted from under plaintiffs' premises, which testimony was indefinite as to amount extracted, held excessive, warranting new trial on that ground.

6. Mines and Minerals.—In action for damages for unlawful extraction of coal from under plaintiffs' premises, in which the only question was whether plaintiffs were in actual possession of boundary described in their deed, claiming it thereunder, and if defendants had removed coal therefrom, submitting question of paper title to jury held error.

JAMES H. JEFFRIES, E. H. JOHNSON and J. C. BAKER for appellant.

CHARLES B. SPICER for appellees.

Opinion of the Court by Judge McCandless—Reversing.

In this action to recover damages for the unlawful extraction of coal from under their premises, plaintiffs recovered a judgment for $3,750. Defendant appeals. Appellees claim ownership by adverse possession under color of title. Their ownership was denied, but no claim of title was set up by defendant.

It is first urged that plaintiffs must recover on the strength of their own title, and, failing to show this, appellant was entitled to a peremptory instruction. As to this the proof shows that in 1908 appellees entered into the actual possession of the land in controversy under a deed duly executed, acknowledged, and recorded and have since maintained possession thereof, and that the coal was extracted either in the year 1920 or 1921. It is true that their possession had not at that time ripened into title, but possession under color of title is sufficient to authorize recovery against a wrongdoer. Eureka Coal & Mineral Co. v. Johnson, 186 Ky. 134, 216 S. W. 91; Crate v. Strong, 69 S. W. 957, 24 Ky. Law Rep. 710; Hall v. Deaton, 68 S. W. 672, 24 Ky. Law Rep. 314, and cases cited; Carson v. Turk, 146 Ky. 733, 143 S. W. 393, 42 L. R. A. (N. S.) 384; Stephens v. Stephens, 165 Ky. 353, 176 S. W. 1138. Appellant relies on Collins v. Zella Mining Co. et al., 198 Ky. 770, 250 S. W. 96, as holding otherwise. It will be observed, however, in that case that the defendants in the action were attempting to set up a paramount title and the case was tried as one of trespass to try title, and in the later case of Zella Mining Co. v. Collins, 203 Ky. 178, 261 S. W. 1090, the court approved the recovery of $250 against the mining company for trespass for cutting timber on the ground that, "as against a bare trespasser, possession is sufficient to recover for a trespass."

2. The five-year statute of limitation was pleaded. It appeared that the alleged taking occurred either in 1920 or 1921, and the petition was not filed until January 7, 1927, and it is claimed that the court erred in refusing to instruct the jury peremptorily to find for defendant on this ground. However in the petition the appellees allege that they did not ascertain and had no means of discovering that appellant had removed the coal for which they sued until the year 1923. We have recently

held that a plea of the statute may be thus anticipated in the petition. Dowell v. Gray Von Allmen Sanitary Milk Co., 221 Ky. 780, 299 S. W. 965. And as appellant's evidence was to the same effect, this issue was properly submitted to the jury, and it cannot complain thereof.

3. The appellant's witnesses deny extracting any coal from under appellees' premises, and, according to its engineer, who has made surveys both of the surface and of the interior, not over one-quarter of an acre of appellees' premises contained coal that could have been mined profitably. This would not have produced over 1,400 tons; the royalty value being 10 cents a ton.

Appellees' evidence is to the effect that there are two layers of coal, the principal strata being 4½ feet in thickness with a lower strata of 18 inches, both of which could have been profitably mined; that appellant did extract the first strata, leaving it unprofitable to mine the other; that appellees started to mine their own coal in 1923 and ran into the rooms where appellant had extracted the coal; that when thus exposed to the air the earth caved in, but that appellee Hiram Hensley took a tape line, crawled around in the mine and made certain measurements by which he was able to tell that coal had been extracted from approximately an acre of his land. He also had both the surface and the interior surveyed and a map made. However, the surveyor was not offered as a witness, and the court did not permit the map to be introduced in evidence. He further testified that there was practically an acre of his land embraced within the space between the outcropping and his line adjoining appellant; that there was a subsidence of the surface over a large part of this, it not distinctly appearing how much. He had calculated this as an acre, and, according to the thickness of the two strata, estimated that it would have produced 6,468 tons of coal, that the customary royalty of coal in place in that locality at that time was 50 cents a ton, and that he was thereby damaged $3,234. As to such value he was corroborated by another witness who qualified himself in that respect. The evidence as to the royalty value was competent. The evidence as to the amount of coal extracted is indefinite as it is hard to understand how a person can measure the interior of a mine without a known starting point and surveyor's instruments so as to identify it with a surface location. Also, while it is easy to calculate the amount of coal of a cer-

tain thickness in a given area from a surface survey, nevertheless in order to make such calculation the basis of damage, it should be clear that the coal actually extracted was beneath the surface so surveyed. Appellees' testi-mony does not make this clear. Aside from this, the jury returned a verdict for $3,750 or $500 in excess of his esti-mate, and it is therefore clearly excessive, and a new trial should be awarded on this ground.

4. In the first instruction the court submitted the question of title paper to the jury. This was erroneous, and will be omitted in another trial, as the only question is whether the appellees were in the actual possession of the boundary described in their deed claiming it there-under, and if appellants had removed coal therefrom.

Wherefore the judgment is reversed, and cause re-manded for proceedings consistent with this opinion.