## Fletcher et al. v. Howard et al.

(Decided November 13, 1928.)

Appeal from Magoffin Circuit Court.

1.  Judgment.—Judgment, in suit involving location of boundary line, held final and conclusive on all parties thereto, and their vendees' as regards questions of fact determined by the judgment, including the question of the location of the disputed corner.

2.  Judgment.—In action to enjoin trespass and recover damages, based on prior judgment determining boundary dispute, judgment was properly pleaded in petition as essential part of cause of action, and did not cease to be a bar because pleaded in petition and not in reply, under Civil Code of Practice, secs. 90-98.

3.  Trespass.—Where trespass has been committed upon property of another, property owner is entitled to at least nominal damages for the violation of his rights.

4.  Trespass.—In action by property owner to enjoin trespass and recover damages based on prior adjudication determining boundary dispute as between any damage to plaintiffs for admitted trespass held error.

CALLOWAY HOWARD and A. F. BYRD for appellants.

W. W. McGUIRE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

This is a controversy between adjoining landowners respecting the location of a boundary line. The appellants are the vendees of George Fletcher, and the appellees are the vendees of Susan Hurt. The same controversy was litigated in the action of Susan Hurt, etc., v. George Fletcher, terminating in a judgment locating the lines separating the lands of the parties as claimed by Susan Hurt, from which judgment Fletcher prosecuted

an appeal to this court, resulting in an affirmance of the decision. Fletcher v. Hurt, 202 Ky. 485, 260 S. W. 18.

The opinion in that case held that the evidence sustained the judgment of the chancellor upon all questions of fact involved, and it is final and conclusive on the parties and their vendees. After the present appellants acquired the land, they set up exactly the same claim respecting the location of the lines defined by the judgment that had been asserted by their predecessor relating to the lines defined by the deeds. They went upon the lands adjudged to Mrs. Hurt, after she had conveyed it to the appellees, and erected a fence along the line claimed by them to be the boundary. This action was then filed to enjoin the trespass and recover damages for it. The lower court decided in favor of the plaintiffs, locating the line as shown by the former judgment, and as claimed by them, but refused to allow any damage for the trespass. From the judgment the defendants appeal, and the plaintiffs have proscuted a cross-appeal.

We will first dispose of the appeal. It is insisted for the appellants that there is a variance between the descriptions given in the muniments of title, in the petition, and in the judgment of the court. The variations referred to are immaterial and are fully accounted for by the change in the location of the line resulting from the former judgment, which changed one of the calls to correspond with a fence erected by Fletcher on Mrs. Hurt's land, but which had been maintaind for more than 15 years and had thus, by adverse possession, become the new boundary line.

It is next insisted that the judgment in the former suit is not a bar to defendant's recovery of the land in this action because it was pleaded in the petition and not in a reply. The judgment was the foundation of the action, precluding all questions adjudged by it, and it was proper for the plaintiffs to rely upon it in the petition. Indeed, it was necessary to rely upon the judgment in the petition to obviate the difficulty of proving what the judgment settled, and to simplify the issues. Civil Code, secs. 90-98; Holtheide v. Smith's Guardian, 84 S. W. 321, 27 Ky. Law Rep. 60; Slone et al. v. Kelly, 143 Ky. 135, 136 S. W. 138.

The judgment was properly pleaded as an essential part of the cause of action. The cases cited by appellant are not in point. In Galloway v. Hamilton's Heirs, 1 Dana, 576, the pleading did not properly set up the decree, but alleged that the previous action had been dismissed without prejudice. It was pleaded merely for the purpose of letting in the proof taken in that case. In the case of Royalty v. Shirley, 53 S. W. 1044, 21 Ky. Law Rep. 1015, it was simply held that a judgment sustaining a demurrer to an answer was not a bar to another action, and, even if constituting a bar, it was not pleaded as such. In Norton v. Norton, 25 S. W. 750, 27 S. W. 85, 15 Ky. Law Rep. 872, it was held that a judgment in another action was inadmissible unless pleaded.

Argument is again advanced that the disputed corner was proven to be as claimed by appellants. That question was not open in this case. It was disposed of by the previous judgment, and may not be litigated again. Parker v. White, 223 Ky. 561, 4 S.W.(2d) 380.

When the former decision was rendered, appellants entertained no doubt that the judgment was against them. They prosecuted an appeal from it, and contended in this court that it was erroneous. Yet this court affirmed the judgment, and they should have respected it. It was too late for them to assert that they thought the judgment sustained their claims. If they had thought the judgment was in their favor, it is inconceivable that the appeal would have been taken or the argument presented in this court that the former judgment was wrong. We are satisfied that the chancellor correctly decided the main question. He erred, however, in refusing to award the appellees any damage for the admitted trespass on their property. The evidence was vague as to the amount of damage, but where a trespass has been committed upon the property of another, he is entitled at least to nominal damages for the violation of his rights. Zella Mining Co. v. Collins, 203 Ky. 178, 261 S. W. 1090. We have concluded that the chancellor should have awarded the plaintiffs the sum of $50 damages in addition to the costs of the action.

The judgment is affirmed on the original appeal, and reversed on the cross-appeal, with directions to enter a judgment in accordance with this opinion.