## Humphrey et ux. v. Mansbach et al.
(Decided Oct. 31, 1933.)

J. B. ADAMSON and WAUGH & HOWERTON for appellants.

HANNAH, VANSANT & McKENZIE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

P. S. Humphrey and Georgia Humphrey, his wife, defendants below, are appealing from a judgment of the Boyd circuit court awarding to Sylvia Mansbach and Joseph Mansbach, husband and wife, $647 in damages arising out of the erection by appellants of a division fence between the lots of the respective parties in the city of Ashland.

It is alleged, in substance, in the petition that a portion of the fence was erected upon the lot of appellees, without their consent, and constitutes a continuing trespass; that the structure as finally completed was a solid board wall 8 feet in height, entirely useless to appellants and without value to their property; that in erecting it they were actuated solely by malice and spite toward appellees; and that the structure was and is a spite fence.

In addition to a general denial of the alleged grounds of damages, appellants affirmatively alleged that, prior to the erection of the board fence, appellees' children had been trespassing upon appellants' lot and destroying flowers and shrubbery thereon; that after they protested to appellees, the latter refused to take any steps to prevent further trespasses by their children; that appellees' children would come upon appellants' property immodestly attired and commit acts of indecency directed toward appellants which could be observed by appellants and guests in their home; that the fence was not constructed maliciously but solely to protect their property from such trespasses upon the part of appellees' children.

The issues were completed by reply traversing the affirmative allegations of the answer, and trial before a jury resulted in a verdict followed by the judgment appealed from.

Nearly three years before the board fence complained of was erected appellants built a fence on or near the dividing line between the lots, consisting of posts with stringers at the top and bottom to which woven wire fencing was fastened. The stringers and wire were attached to the side of the posts next to appellants' lot. When they decided to erect the solid board fence, the old fence was left intact and boards about 8 feet long and 8 inches in width were placed over the wire fencing and nailed to the stringers. A civil engineer who made a survey of the lots on behalf of appellees testified that five of the fence posts which were 4 by 4 extended over the division line onto appellees' lot, such encroachment varying from $\frac{3}{4}$ to $1\frac{1}{2}$ inches.

There is evidence for appellees that the nails by which the board fence was fastened to the stringers protruded through the stringers about an inch and that these nails were not bent down or clinched. The engineer testified that neither the boards nor the nails extended over onto appellees' property and there is nothing in evidence showing to the contrary. There is, however, a conflict in evidence on every other question or issue raised, the evidence of the respective parties and their witnesses tending to sustain their positions.

It is first argued by counsel for appellants that appellees were not entitled to recover because they did not establish record title running back to the commonwealth nor prescriptive title, and in support of this contention the case of Wilcox v. Alley, 140 Ky. 187, 130 S. W. 1115, is cited. In that case the complaining party could not show record title back to the commonwealth but the evidence on her behalf did show title by prescription. This court merely said that since appellee did not establish record title, an instruction making her right of recovery to depend upon the validity of her title by prescription was correct. A careful reading of that case will disclose that the question presented for decision here was not before the court and was not decided in that case.

Counsel for appellees assert that appellants are not in position to make this contention because appellees'

ownership and title to the lot described in the petition is admitted in the second paragraph of the answer, and in this they are apparently correct. But wholly apart from any question of admission in the pleading, we find the prevailing rule in this state to be that possession in the plaintiff with or without color of title is sufficient to maintain an action for trespass against one who has no title. Eureka Coal & Mineral Company et al. v. Johnson, 186 Ky. 134, 216 S. W. 91; Harlan Gas Coal Company v. Hensley, 223 Ky. 221, 3 S. W. (2d) 640; Crate v. Strong, 69 S. W. 957, 24 Ky. Law Rep. 710. Appellees introduced in evidence their deed showing a title to the property and their evidence establishes possession, thus bringing the case under the rule announced.

It is further argued by counsel for appellants that the court over their objections gave erroneous and prejudicial instructions to the jury. Instruction No. 1 given by the court reads:

"If you shall believe from the evidence in this case that the fence erected by the defendants was erected wholly or in part on plaintiff's side of the division line between their lot and defendant's lot, then the law is for the plaintiff and you will find for them in such a sum as will compensate them for the damages done them in that respect; and if you believe from the evidence that the fence erected by defendants was a 'spite fence' and the erection of such fence by the defendants was malicious, and in wanton disregard of plaintiff's right, then you may in your discretion award them such further sum by way of punitive damages as you may think proper, not to exceed, in the whole, the sum of $2,000.00, the amount sued for."

This is followed by an instruction defining the words "spite fence" and "malicious." At the outset it may be said that appellees' petition seeks to recover damages for the alleged trespass committed by the erection of the fence upon their property and also because it was a spite fence. The petition indicated that the alleged wrongs were committed simultaneously and grew out of the same act; however, it will be seen that an entirely different state of facts was developed by proof. The trespass, if any, upon appellees' property was committed when the original fence was constructed and the

other alleged wrong was committed two or three years thereafter, when the boards were nailed onto the stringers or runners of the original fence, therefore, it is not an action for compensatory damages for the commission of the trespass and for punitive damages, because it was committed in a wanton, malicious, or high-handed manner, but, is an action for trespass for the erection of a fence which two or three years later and without any further trespass upon appellees' property was converted into an alleged spite fence.

It will be noted that instruction No. 1 given by the court leaves the jury without a guide or measure by which to assess damages for either of the alleged wrongs. Since the injury, if any, to appellees' property growing out of the alleged trespass was temporary, the measure of damages in the circumstances shown would be the value of the use of the property upon which the fence stood during the time sued for. Price Bros. v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470; City of Pikeville v. Riddle, 200 Ky. 395, 255 S.W. 63.

From what we have already said regarding the proven facts and circumstances, it is obvious that appellees are not entitled to recover punitive damages for the erection of the fence.

Section 1788a-1, Kentucy Statutes, reads:

"A spite fence is hereby defined to be a fence, whether a division fence or otherwise, and over five feet in height, erected maliciously by an owner or lessee and intended to injure, spite or annoy an adjoining owner."

The following section provides a penalty for the erection of such fence.

If appellees are entitled to recover at all because of the erection of the fence, unquestionably it would be by way of compensatory and not punitive damages, and the measure of damages in the proven circumstances is such a sum as will reasonably compensate for the annoyance or vexation, if any, suffered by them by reason of the erection of the fence. It would, in the circumstances, be better practice to submit the two items of damage in different instructions.

While no question is made about the matter, we note that there is no converse of the instructions au-

thorizing recovery for trespass. This should be done by adding at the end of the instructions the usual form, "but unless you so believe you will find for the defendants."

Some question is made as to whether an action for damages for the erection of a spite fence may be maintained. Section 466, Kentucky Statutes, provides:

"A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

Unquestionably under this statute, as construed and applied by this court, an action may be maintained for any damage directly sustained by reason of violation of section 1788a-2, Kentucky Statutes. Pirtle v. Hargis Bank & Trust Co., 241 Ky. 455, 44 S. W. (2d) 541, 542, and cases cited therein. The conclusions reached render it unnecessary to discuss other grounds relied upon for reversal.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.