## Humphrey et al. v. Mansbach et al.

(Decided Oct. 20, 1936.)

WAUGH & HOWERTON for appellants.

HANNAH, VAN SANT & McKENZIE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellants and appellees own adjoining lots in a desirable residential section of Ashland, Ky. About three years before the institution of this action appellants erected a fence on what they believed to be the line between the two lots. It was a legal fence, and no complaint concerning it was made by appellees until the difficulty occurred out of which this litigation arose. It was then discovered that some of the posts extended over the line onto appellants' lot as much as one inch. In the spring of 1930 appellants nailed boards eight inches wide and eight feet long to this fence, making the structure a solid wall eight feet in height. Thereupon the appellees brought this action against the appellants to recover $2,000 in damages and to compel them to remove the fence on the theory that a portion of it was on their land, and also that the whole structure constituted a spite fence. Appellants voluntarily removed the board fence within 30 days after its erection. Upon the trial of the case the appellees recovered a judgment for $647, which was reversed by this court because instruction No. 1 failed to give the jury a guide or measure by which to assess the damages for either of the alleged wrongs, and because it authorized the jury to award punitive damages for the erection of a spite fence. Humphrey v. Mansbach, 251 Ky. 66, 64 S. W. (2d) 454, 456. In the course of the opinion it was said:

> "If appellees are entitled to recover at all because of the erection of the fence, unquestionably

it would be by way of compensatory and not punitive damages, and the measure of damages in the proven circumstances is such a sum as will reasonably compensate for the annoyance or vexation, if any, suffered by them by reason of the erection of the fence. It would, in the circumstances, be better practice to submit the two items of damage in different instructions."

On the second trial the two items of damage were submitted in separate instructions, and the jury made separate findings. For the trespass they awarded damages to the plaintiffs in the sum of one cent, and under the second instruction, which authorized a recovery by plaintiffs of such sums in damages as the jury believed from the evidence would reasonably compensate them "for annoyance or vexation or embarrassment or injury to their feelings" caused by the erection of the alleged spite fence, they awarded damages to the plaintiffs in the sum of $1,999.99. At the second trial the testimony heard at the first trial was read as the depositions of the respective witnesses. The facts are fully stated in the opinion rendered on the first appeal, and a repetition of them is unnecessary.

On this appeal appellants seek a reversal of the judgment on the grounds that (1) the damages are excessive, appearing to have been given under the influence of passion or prejudice; and (2) instruction No. 2 is erroneous.

We have no hesitancy in sustaining the first ground relied upon by appellants. The trespass was slight, resulting in no appreciable damage to appellants, and the jury correctly found only nominal damages on this account, but, when they came to the consideration of the damages resulting from the erection of the board fence, they lost all sense of proportion and rendered a verdict evidently intended to punish appellants rather than compensate the appellees. Section 1788a-2, Kentucky Statutes, provides the penalty for the erection of a spite fence. In a civil action by the aggrieved party, only compensatory damages can be recovered. Humphrey v. Mansbach, supra. He may suffer annoyance or vexation, or the rental or salable value of his property may be diminished, but his reputation is not affected as in libel, slander, or false arrest. There is no reflection on his character. At early common law a landowner had

no redress against an adjoining landowner for the erection of a fence or other structure on the division line, even though it was erected without intent to benefit its owner and for the sole purpose of injuring his neighbor in the use of his property. Later decisions, however, modified this rule, and permitted an adjoining landowner to recover damages caused by a spite fence erected for the sole purpose of injuring him in the lawful and beneficial use of his property. Rideout v. Knox, 148 Mass. 368, 19 N. E. 390, 2 L. R. A. 81, 12 Am. St. Rep. 560; Bixby v. Cravens, 57 Okl. 119, 156 P. 1184, L. R. A. 1916E, 871; 11 R. C. L. 877.

In many jurisdictions statutes similar to our section 1788a-1 et seq. have been enacted, which provide a penalty for the erection and maintenance of a spite fence. The aggrieved party is entitled to compensation for the injuries suffered by him, including the diminution of the value of the use of his property and the annoyance caused by the erection and maintenance of the prohibited structure. Here, the appellees occupied as a residence the house on the lot adjoining appellants' lot. They suffered no actual monetary loss. The only damages to which they are entitled are such as will compensate them for the annoyance and vexation caused by the erection and maintenance of the board fence. Such damages are difficult of ascertainment, and, so long as the jury keeps within reasonable bounds, its verdict will not be disturbed, but the verdict in the instant case is clearly unreasonable, and the result either of prejudice or misapprehension on the part of the jury as to the elements they should consider.

On another trial the words "or embarrassment or injury to their feelings" should be omitted from instruction No. 2, and the instruction thus made to conform to the opinion on the first appeal.

The judgment is reversed, with directions to grant appellants a new trial, and for further proceedings consistent herewith.