**STONE COAL CORPORATION et al.,**
Appellants,

v.

**Dock VARNEY, Appellee.**

Court of Appeals of Kentucky.

June 3, 1960.

Henry D. Stratton, Pikeville, for appellants.

E. N. Venters, Pikeville, for appellee.

WADDILL, Commissioner.

In this action seeking damages for injury resulting from trespass upon his farm, appellee recovered a verdict and judgment against appellants for $3,000. As grounds for reversal it is urged that: (1) The instructions are erroneous; (2) the damages are excessive; (3) the verdict is based upon incompetent and prejudicial testimony.

During the course of its mining operation appellants caused large quantities of impounded water to be released from its mine onto appellee's farm. The water scattered tons of mud, rock and debris upon appellee's land. Appellants concede that appellee's farm was thereby damaged, but contend that the injury to the property was temporary and therefore the instruction which authorized the jury to award appellee damages for permanent injury to his property was erroneously given. City of Pikeville v. Riddle, 200 Ky. 395, 255 S.W. 63; Ewing v. City of Louisville, 140 Ky. 726, 131 S.W. 1016, 31 L.R.A.,N.S., 612.

Appellee testified that his home, water supply, garden and shrubbery were damaged by the poisonous effects of the water and debris from appellants' coal mine. His testimony was uncontradicted and was to the effect that the injury to his property was permanent. As the record supports the theory upon which the court instructed the jury, there is no merit in the contention that the instruction was unauthorized by the evidence.

Appellants attack the verdict as being excessive. There was testimony by appellee and his witnesses which would have jus-

tified a much larger verdict. While the amount of damages allowed was somewhat liberal, there was substantial evidence to support the sum awarded. The verdict does not strike us at first blush as being the result of passion or prejudice on the part of the jury.

■ Appellants further urge that the court erred in permitting appellee's counsel to read a deposition of a witness in violation of CR 26.04(3). Whether this contention has merit cannot be considered on this appeal because the record shows that appellants' former counsel in the case had entered into an agreement with appellee's counsel which authorized the deposition to be read upon the trial.

Judgment affirmed.