**Lillian E. CISSELL et al., Appellants,**

v.

**GRIMES INVESTMENTS, INC., et al., Appellees.**

Court of Appeals of Kentucky.

May 29, 1964.

As Modified on Denial of Rehearing Nov. 13, 1964.

S. J. Stallings, Louisville, for appellants.

J. Donald Dinning, Elmo C. Burgess, Elmer R. Johnson, Louisville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment refusing to grant the appellants injunctive relief and damages against the appellees. The

crucial issue is whether the appellees unlawfully increased the flow of surface water across the land of the appellants.

The tract of land being developed as a subdivision by the appellees lies on the west side of Ormsby Lane. The land owned by appellant Andrew Conners is located on the east side of Ormsby Lane across from the appellees' tract, and the land owned by appellant Lillian Cissell adjoins that of Conners. The natural drainage from the appellees' tract is across the Conners land thence over the Cissell property into Big Goose Creek.

In developing the subdivision appellees caused a shallow artificial pond, formerly used as a hog wallow, to be eliminated. Since this increased the flow of the surface water into a culvert beneath Ormsby Lane, appellees applied for and obtained from the appropriate public regulatory bodies permission to replace the culvert with a larger one. After this improvement was completed at considerable expense and without objection from the appellants, the flow of water through it onto appellants' land was substantially increased. Shortly thereafter appellants brought this action seeking damages and an injunction to compel appellees to rectify the conditions which increased the flow of water across their land and to permanently prohibit appellees from making future changes that would increase the flow of water from their land.

In refusing to grant the relief sought the Chancellor in a written opinion observed that appellants had encountered serious drainage problems with their land prior to appellees' development of the subdivision and also that some of the surface water that collected on appellees' land had drained onto the land of the appellants during the period that the pond was used as a hog wallow. Having reviewed the evidence, the Chancellor found that: Appellants have failed to prove the appellees have lost or abandoned the drainage easement across their land; the appellees did not change the natural drainage of their land but merely

accelerated the flow onto the servient estate; the proof concerning the possible malfunctioning of septic tanks on appellees' property was speculative and not of such probative value to justify any relief, and the evidence did not establish any damages recoverable from the appellees.

On the instant appeal, it is contended that the Chancellor erred as a matter of law in refusing to grant the requested injunctive relief and in failing to award nominal damages since it was shown that some straw and mud had been deposited on their property by the water flowing off the appellees' land.

█ The rule governing cases of this character is stated in Jarvis v. Cornett, Ky., 257 S.W.2d 524, 525, thusly:

"The owner of the upper estate may drain and ditch his land for the purpose of carrying off surface water therefrom into natural channels by building sewers, gutters and culverts thereon, without liability to the owner of the lower estate, even though such methods of ridding his property of surface water accelerate and increase the flow of the same onto the lower estate, so long as he does not tap water from additional watersheds or divert water from natural drains which otherwise would not have flowed onto the lower estate. As a necessary corollary the upper proprietor is not liable for any increase in the volume of water accumulating in a natural drain due to the erection of houses on his land."

█ Under the facts as found by the Chancellor it is clear that appellees have not tapped water from another watershed nor diverted water from natural drains which otherwise would not have flowed onto the appellants' land. Applying the above stated rule to these facts it necessarily follows the judgment was correct.

█ While the depositing of debris upon appellants' property may have been a

technical trespass which would have entitled the appellant to recover nominal damages, 87 C.J.S. Trespass § 106; Zella Mining Co. v. Collins, 203 Ky. 178, 261 S.W. 1090, we have repeatedly said that on appeal we will refuse to reverse where plaintiff is entitled to no more than nominal damages. Linville v. Louisville & N. R. Co., 239 Ky. 143, 38 S.W.2d 926 (trespass); Bradshaw v. Steiden Stores, Inc., Ky., 265 S.W.2d 64 (false imprisonment); Hayes v. Hayes, Ky., 357 S.W.2d 863 (personal injury). The exception is where the reversal would affect or determine the title or rights in real property, 5 Am.Jur.2d, Appeal and Error, Sec. 790; 5B C.J.S., Appeal and Error § 1914; Clark v. Mason, 264 Ky. 683, 95 S.W.2d 292 (dictum).

The case of Fletcher v. Howard, 226 Ky. 258, 10 S.W.2d 325, involved a controversy respecting the location of a boundary line, and hence a question of title. To the extent that the opinion may be construed as authorizing a reversal for nominal damages arising out of a simple trespass, not involving title, it is overruled.

The judgment is affirmed.